44 So.2d 23

## WILLIAM PENN FIRE INS. CO. v. TIPPETT.

### 6 Div. 896.

Court of Appeals of Alabama.

Jan. 24, 1950.

104

Sirote, Permutt & Friend, of Birmingham, for appellant.

John A. Jenkins, of Birmingham, for appellee.

CARR, Judge.

This suit is based on an insurance policy in which the plaintiff below was the insured and the defendant was the insurer.

The limit of liability under the contract is:

"The limit of the company's liability for loss shall not exceed the actual cash value of the automobile, or if the loss is of a part thereof the actual cash value of such part, at time of loss nor what it would then cost to repair or replace the automobile or such part thereof with other of like kind and quality, with deduction for depreciation, nor the applicable limit of liability stated in the declarations.

"The company may pay for the loss in money or may repair or replace the automobile or such part thereof, as aforesaid, or may return any stolen property with payment for any resultant damage thereto at any time before the loss is paid or the property is so replaced, or may take all or such part of the automobile at the agreed or appraised value but there shall be no abandonment to the company."

There is no dispute in the evidence that the automobile which was covered by the

policy was damaged in a collision and that the contract of insurance was in full force and effect. The only controversy revolves around the question of the amount of damages to which the insured was entitled.

The jury returned a verdict in favor of the plaintiff, the appellee here, for $888.67. Under the proof, this is approximately the maximum amount, including value of the car prior to the collision, towing charges, and interest, less salvage value and $100 under the deductible clause of the policy.

It is evident that the jury failed to find that the wrecked automobile could have been repaired. This inquiry was a much disputed factual issue in the evidence. Some of the witnesses testified that the automobile was so completely wrecked that it could not be repaired. Others gave as their judgment that it could be, and estimated the cost of repair to be an amount about one-half the value placed on the car before it was damaged.

The record contains photographs which were taken of the automobile after the collision. It appears that the point of impact to the car was at its immediate front. The pictures disclose considerable damage to this portion of the vehicle, but the photographs do not disclose any appreciable injury elsewhere.

Appellant's counsel objected to this portion of the court's oral charge:

"Where personal property is damaged, the measure of damages is the difference between the fair and reasonable market value of that property before it was damaged, and the fair and reasonable market value of the property after it was damaged. That is the measure of damages where we have injuries to personal property."

The court refused to the appellant the following written instruction:

"I charge you gentlemen of the jury that if you are reasonably satisfied from the evidence that the plaintiff's automobile can be repaired, as of the date of the accident, the amount of your verdict should represent the reasonable cost of repairs plus other damages properly proved by the plaintiff."

There were no other written charges refused and none were given.

After the jury had reached a decision this occurred:

"The Court: Gentlemen, I understand that you had indicated that you were ready to report in this case, but it occurred to me that it would be proper for me to properly clarify some instructions that I gave you, and then let you go back, and it may or may not change your verdict, but I will not accept your verdict.

"At that time you will recall that I told you in substance ordinarily where personal property was damaged that the measure of damages was the difference between the reasonable market value of the property, in this case an automobile, immediately before it was damaged, and the difference between that value and the reasonable market value of the car in its then damaged condition.

"I think there was an exception taken by the defendant, and I think properly so. For this reason, because the fire insurance contract did cover the measure of damages, and there was some provisions in it I didn't read, in the policy, or rather, the counsel said there were provisions in there that dealt with the obligation of the insurer to do certain things, this is, either have the car repaired or pay whatever it was. Of course the case has come to a lawsuit, in which there is a claim for damages, and the parties themselves have agreed that it is for you to determine the damages to the automobile, and any other damages which may have resulted to the plaintiff, and which are covered by the policy. So the measure of the damages in this case, for you to determine, is the damage which the plaintiff has suffered under the provisions of the policy, and whatever those terms and conditions are will govern you in your decision of the matter."

■ At the time in the proceedings when the trial judge undertook to correct the erroneous instruction in his oral charge, it was not incumbent on the appellant to retender the written charge which had

been previously refused by the court. Brothers v. Brothers, 208 Ala. 258, 94 So. 175.

█ We entertain the view that the refusal of charge number 1 was error. It follows that the judgment below must be reversed on this account unless the charge was substantially covered by the oral charge. In the instant case this question must be determined alone by the effect and sufficiency of the belated instruction which we have set out above.

There is another approach which is presented for our review. Exceptions were interposed to the erroneous instructions in the oral charge. If this error was not cured by the indicated supplemental instructions, a reversal must follow.

The two questions are interrelated. In its final analysis a solution of the inquiry will depend on whether or not the original erroneous statement was cured by what the judge said in his effort to correct it. If we could answer this question in the affirmative, it would follow that the refused written charge was covered by the oral instructions.

█ The authorities sustain the position that the action of the court in giving erroneous instructions can be rendered faultless and harmless by a subsequent withdrawal of the incorrect statement and by the giving of a correct charge on the legal doctrines involved.

It goes without saying that the application of this rule, in all fairness, must depend on the adequacy, completeness and the sufficiency of the instruction in which attempt is made to correct the error. Of course, in this aspect, the entire oral charge should be taken into account, and if the verdict of the jury indicates that no harm inured the doctrine of error without injury should be applied.

In reviewing this matter we must consider the entire picture incident to all the circumstances connected with the proceedings. This must include the fact that the attempted corrections were not made until after the jury had reached the unannounced decision.

The general rule is comprehensively stated in 53 Am.Jur., Trial, Sec. 838 and 839, pages 615 and 616:

"838. Applying the rule as to cure of erroneous instructions by other instructions, it has been held that an instruction likely to mislead the jury may be cured by others covering the same point in a clear and concise manner, and that an instruction which, taken by itself, is ambiguous and in one view erroneous will be cured by another qualifying it if it is apparent that the jury could not have been misled thereby. Thus, it has been declared, where a court at the conclusion of a charge returns to a subject considered earlier and gives additional instructions in regard to it, that the jury may naturally regard them, so far as they may state a new and different rule, to be intended to qualify as a last word what has been previously said, and will be presumed to have accepted them as controlling."

"839. While a bad instruction is not corrected by a good one, the court, either on its own motion or on motion of counsel, may correct errors in its instructions by withdrawing, explaining, or correcting them, in which case it will be presumed on appeal that the jury accepted the correction as the law of the case, and a judgment will not be reversed where it appears with reasonable certainty that the jury were not misled. Where one instruction is given by way of correction of a preceding conflicting one, it is generally held to cure the error. The court's power in this respect is not affected by the fact that the parties concede the correctness of the instruction in question.

"An amendment to an instruction may be made during the course of argument where abundant time remains for counsel to discuss the amendment. The withdrawal may be accomplished by a direction from the court that the instruction is withdrawn, and is to be disregarded by the jury. *Of course, the correction must make it clear to the jury what the correct rule is.*" (Emphasis ours.)

See also, 3 Am. Jur., Appeal & Error, Sec. 1114, page 635.

As we have stated herein, the only contested question was the amount of recoverable damage, and a fair finding in this matter depended upon whether or not the automobile could have been repaired, and if so how much this cost would be. It is evident, therefore, that clear and unmistakable instructions should have been given on this very material and vital issue.

As the court said in People v. Gerdvine, 210 N.Y. 184, 104 N.E. 129, 130: "An error which prevents proper consideration by the jury of the only question relied on by the defendant is substantial, not technical, and we have no right to disregard it, although we may approve of the verdict."

The policy of instant concern is composed of four pages, each containing printed and some typewritten matter. There appear on page 3 sixteen small printed paragraphs in which conditions of the policy are set out. Among these are the stipulations and provisions which are copied supra.

The trial judge confessed to the jury that he had not read the applicable provisions in the policy. The jury was composed of laymen. The court should have instructed them explicitly, definitely, and plainly concerning the manner of arriving at the amount of damages under the terms of the policy. This duty was imposed more heavily because of the prior erroneous instructions, upon the basis of which the jury had proceeded in their deliberations even to the point of arriving at a decision.

We entertain the inescapable conclusion that the belated supplemental instructions were not sufficiently comprehensive and explanatory to cure the original error in the oral charge. Whether or not they could have been made in any manner adequate at this late stage in the proceedings is a question we do not decide. However, this is an interesting inquiry and invites study and research.

The judgment of the court below is ordered reversed and the cause is remanded.

Reversed and remanded.