286 So.2d 836

**BOISE CASCADE CORPORATION, a corporation, and George Newton Roberts**

v.

**Donald Wayne LEE, suing as Administrator of the Estate of Martha Mae Lee.**

SC 382.

Supreme Court of Alabama.

Dec. 6, 1973.

Watson & Fay, Huntsville, for appellee.

Smith & Sturdivant, Huntsville, for appellants.

BLOODWORTH, Justice.

Defendants appeal from a $175,000 judgment rendered against them in a suit for the wrongful death of plaintiff's intestate sustained as a result of a collision between an automobile in which plaintiff's intestate was a passenger and a tractor truck belonging to defendant, Boise Cascade Corporation, and being operated by its employee, defendant George Newton Roberts. We affirm.

At the time of the accident, plaintiff's intestate, Mrs. Martha Mae Lee, was a passenger in an automobile driven by her son, Donald Wayne Lee, traveling at a moderate speed south on U. S. Highway 11 from Fort Payne, Alabama. A second car driven by Mrs. James Williams was traveling north on U. S. 11 on the afternoon of the accident. Mrs. Williams testified that she first observed defendants' truck about 1¼ miles south of the accident scene, as it was fast approaching U. S. 11 ahead of her from a side road. Defendants' truck stopped and allowed her to pass. Defendants' truck then pulled out onto Highway 11 heading south, closely following the Williams automobile. About one block before the location where the accident occurred, Mrs. Williams slowed down and signaled for a left turn. Defendant Roberts applied his brakes but was unable to stop. Defendants' truck veered first to the right then to the left into the southbound lane where it collided with the Lee's car, killing Mrs. Lee. Defendant Roberts estimated his speed just before the accident at 50 m.p.h. The location of the accident scene was within the city limits of Fort Payne and was posted as a 35 m.p.h. zone, although there was conflicting testimony as to whether there was a sign indicating the speed limit between the point where defendants' truck entered the highway and the point of impact.

Plaintiff's original complaint was in two counts; the first count alleging negligence and the second count alleging wantonness. Defendants' demurrer to this complaint was never ruled upon. Plaintiff's complaint was amended twice; the complaint as last amended containing only Count I averring negligence. The parties pleaded in short by consent. During the trial, defendants filed four special pleas: plea one raised the general issue; pleas two and three asserted the defense of a mechanical failure of the defendants' truck; and plea four asserted the defense of a sudden emergency being proximately caused by a malfunction of the braking system of the defendants' truck. The trial court granted a motion by plaintiff to strike pleas one through four, but expressly stated defendants had the right to present any defense (averred under the special pleas) under the plea in short.

When the case was called for trial, prior to qualifying the jury venire and out of its hearing, counsel for defendants brought to the court's attention that counsel for plaintiff planned to make inquiries on voir dire regarding corporations alleged to be subsidiaries or divisions of defendant Boise Cascade. Defendants argued that such inquiries were irrelevant and prejudicial. Defendants, however, made no formal motion to exclude such questions nor made any objections thereto during voir dire by plaintiff.

At the conclusion of the trial, the jury returned a verdict of $175,000 in favor of the plaintiff and against both defendants. Defendants' motion for new trial was denied.

Defendants have made 22 assignments of error. The first assignment is based upon the trial court's failure to rule upon defendants' demurrer to Counts I and II of the complaint. Assignment of error number 2 is addressed to the trial court's overruling defendants' objection to plaintiff's inquiries on voir dire relating to various corporations alleged to be affiliates or sub-

sidiaries of Boise Cascade. The third assignment of error is based upon the trial court's sustaining objection to the following question propounded to defendant Roberts: "Who is responsible, under the lease, to maintain the truck mechanically?" The fourth assignment of error contends the trial court erred in sustaining plaintiff's motion to strike defendants' pleas one through four. Assignments of error 5–11 claim error in the giving of certain portions of the court's oral charge to the jury, viz: relating to negligence on the grounds that said instructions failed to mention the requirement of proximate cause and implied that the court had found defendants negligent. Assignment of error number 12 is founded upon the erroneous giving of a refused charge then withdrawal of same. Assignment of error number 13 complains of the giving of an oral charge concerning driving with actual or constructive knowledge of defective brakes as constituting negligence on the grounds that said charge was ambiguous. Assignments of error 14–21 complain of the trial court's refusal to give to the jury certain written charges requested by the defendants. Finally, in assignment of error number 22, defendants complain of the trial court's overruling defendants' motion for a new trial on the grounds that the jury was prejudiced by voir dire inquiries regarding defendant Boise Cascade's affiliates and subsidiaries, the trial court's alleged failure to properly instruct the jury on proximate cause, refusal of defendants' charges, the alleged returning of a quotient verdict by the jury, and the alleged excessiveness of the verdict.

We proceed to consider these assignments of error ad seriatim.

Assignment of Error 1. There is no reversible error in the trial court's failure to rule upon defendants' demurrers. Evans v. Evans, 264 Ala. 2, 84 So.2d 337 (1955). Moreover, this assignment was not argued; therefore, it is waived. Roan v. Smith, 272 Ala. 538, 133 So.2d 224 (1961).

Assignment of Error 2. No objection was made by counsel for defendants, either at the side-bar conference with the court or during voir dire, to the questions posed by plaintiff's counsel on voir dire respecting various corporations claimed to be affiliates of or subsidiaries of or merged with defendant Boise Cascade. We have carefully read that part of the transcript pertaining thereto, and the only objection we find was to the proffer of a Standard & Poor's list of corporations by plaintiff. This objection was overruled; nevertheless the list was not introduced. No error is claimed on account of the overruling of this latter objection. There being no objection, nor any motion to exclude nor any motion in the nature of a motion in limine, there is no ruling to review. Only adverse rulings of the trial court are subject to assignments of error and review on appeal. Tyson v. United States Pipe & Foundry Co., 286 Ala. 425, 240 So.2d 674 (1970).

Assignment of Error 3. This question was objectionable, if for no other reason, because the witness' testimony as to the terms of the lease would not be the "best evidence" as to the contents of the lease. The court's ruling was correct. See cases collected at Alabama Digest, Evidence, § 160–70.

Assignment of Error 4. The trial court's ruling in granting plaintiff's motion to strike defendants' special pleas one, two, three and four was without error. A plea in short had already been entered by the parties. The able trial judge, in granting plaintiff's motion, specifically stated he would permit defendants to present any defense available under the special pleas on the plea in short. We fail to see what possible harm could be done to defendants under such a ruling. Garner v. Morris, 187 Ala. 658, 65 So. 1000 (1914).

Assignments of Error 5–11. Each of these assignments attack certain portions of the court's oral charge relating to

negligence and damages for the failure to mention, in each instance, proximate cause. We can see no reversible error here for at least two reasons. In the first place, the trial judge acceded to the request of defendants' counsel. He did what he was asked to do, namely to clarify the relationship between negligence and proximate cause. The record discloses the following request by counsel, viz:

"* * * The word proximately was left out on two occasions and we do respectfully except to that and *request that the Court clarify that the negligence must have proximately caused the death*." (Emphasis added)

After a colloquy and other exceptions, the court replied, viz:

"THE COURT: All right.

"Ladies and gentlemen, it has been called to my attention that once or twice I told you that if the defendant was guilty of negligence, the plaintiff would be entitled to recover and I did not use the term not only guilty of negligence, but which proximately caused the accident, proximately caused the death. Of course, that is the law, that the defendant not only be guilty of negligence, but that her death be proximately caused by the negligence. In other words, the proximate result of the negligence.

"THE COURT: Is that all gentlemen?

"MR. WATSON: That's all for the plaintiff.

"*No audible response from the defendant*." (Emphasis added)

There is yet another reason why this does not constitute reversible error. We have examined the record and find in each instance the trial court was simply defining negligence and was not, on any of these instances, defining proximate cause. Yet, an inspection of the record discloses that on at least seven other occasions during the oral charge the trial judge did instruct on the issue of proximate cause.

None of the cases cited by appellant for reversal on this issue are apt, for none dealt with the oral charge. In each of them reversal was based on the giving of a written charge for plaintiff or defendant which omitted the element of proximate cause. These cases are: Maslankowski v. Beam, 288 Ala. 254, 259 So.2d 804 (1972); Swindall v. Speigner, 283 Ala. 84, 214 So. 2d 436 (1968); Mobile City Lines, Inc. v. Holman, 273 Ala. 371, 141 So.2d 180 (1962); Matheny v. Petersen, 276 Ala. 478, 163 So.2d 635 (1964); Terry v. Nelms, 256 Ala. 291, 54 So.2d 282 (1951).

■ Assignment of Error 12. This assignment is based on the giving and then withdrawing of plaintiff's written requested charge 10. Defendants complain that this instruction was misleading, even though defendants concede the trial court withdrew it. No authority is cited. The record discloses the court, after reading the charge, stated as follows:

"THE COURT: Now, I won't give you that but I'll charge you in relationship to agency which I think has been covered. I had it marked 'Refused' but *it got in the wrong group*.

REFUSED
Ray Mayhall, Judge"

We find no reversible error here. The trial judge, having inadvertently read the charge, proceeded immediately to withdraw it as we think he had a right to do.

■ Assignment of Error 13. Here, defendants' complaint is to that portion of the court's oral charge on defective brakes, contending it is ambiguous and confusing. Since no authority is cited nor is it pointed out in what respect it is ambiguous and misleading, we think this assignment is not adequately argued in brief. Silavent v. Silavent, 281 Ala. 58, 198 So.2d 785. Moreover, we have reviewed that part of the oral charge referred to, as well as the en-

 

tire charge and each of the given charges for plaintiff and defendants. We will not say that the giving of this charge constituted reversible error.

■ Assignments of Error 14–21. These assignments charge error in refusing to give certain written charges requested by defendants. Having carefully reviewed each charge, as well as the entire oral charge and other given charges, we are satisfied each charge was properly refused as being "covered" by other given charges or the oral charge of the court.

■ In conclusion, we think we have covered each assignment of error argued, except that respecting the excessiveness of damages and quotient verdict. As to the latter contention, it is not adequately argued in brief to merit our consideration. As to the former contention, respecting the allegedly excessive damages, we have carefully reviewed the evidence and considering the presumptions attending the trial court's ruling on this point in denying motion for new trial, we find no reversible error on this ground.

■ As this court so recently pointed out in General Telephone Company of Alabama v. Cornish, 195 Ala. 293, 280 So.2d 541 (1973), wherein this court affirmed a judgment for wrongful death for $150,000 holding it was not excessive, viz:

"Damages in wrongful death action are penal in nature and are largely within the discretion of the jury. In Airheart v. Green, 267 Ala. 689, 104 So.2d 687, this court said:

' "The damages are entirely punitive, imposed for the preservation of human life * * * the amount * * * rests largely in the discretion of the jury. However this discretion is not an unbridled or arbitrary one, but 'a legal, sound and honest discretion.' * * * In arriving at the amount of damages which should be assessed, the jury should give due regard to the enormity or not of the wrong and to the necessity of preventing similar wrongs. The punishment by way of damages is intended not alone to punish the wrongdoer, but as a deterrent to others similarly minded". Liberty National Life Ins. Co. v. Weldon [ante, 1957, 267 Ala. p. 171] 100 So.2d 696, 713.'

"It has been written so many times as to be axiomatic that where the trial court refuses to grant a new trial because he does not consider the verdict excessive, the favorable presumption attending the jury's verdict is thereby strengthened."

It is thus that we affirm the judgment of the trial court.

Affirmed.

HEFLIN, C. J., and COLEMAN, McCALL and JONES, JJ., concur.