304 So.2d 187

**Elijah WREN**

v.

**William W. BLACKBURN et al.**

**SC 725.**

Supreme Court of Alabama.

Nov. 21, 1974.

Stuart Leach, Birmingham, for appellee, William W. Blackburn.

Henry E. Simpson, Birmingham, for U. S. Pipe & Foundry Co., a Corp., and Lorch, Inc.

Hogan, Smith & Alspaugh and John F. Kizer, Jr., Birmingham, for appellant.

**BLOODWORTH, Justice.**

This is an appeal by plaintiff from an adverse jury verdict and judgment for defendants.

Plaintiff was injured when the automobile he was driving collided at an intersection in Birmingham with a truck driven by defendant Blackburn, while the latter was allegedly acting within the line and scope of his employment with defendant Lorch, Inc., owner of the truck and Blackburn's employer. The complaint charged negligence in Count 1 and wantonness in Count 2. Defendants interposed pleas of the general issue to both the negligence and wantonness counts and a plea of contributory negligence to the negligence count. The case was submitted to the jury on both counts and on both pleas. After the jury returned a verdict for defendants on both counts, the trial judge rendered judgment thereon. Plaintiff then filed a motion for new trial. It was overruled. Hence, this appeal. We affirm.

Plaintiff has made four assignments of error on this appeal:

"1. The Court erred in omitting in its oral charge to instruct the jury that contributory negligence was not a defense to the plaintiff's wanton count and such error was not cured by the court's explanatory charge. (Ts 286, 301)

"2. The Court erred in its oral charge to the jury in instructing the jury as follows:

'So, if you find that the Plaintiff has proven to your reasonable satisfaction that the Defendants were guilty of negligence, and they have proven that the Plaintiff was guilty of contributory negligence which proximately caused his own injuries and negligence, then you don't have to go any further in your deliberation. That would be a defense in itself for the law suit.' (Ts 285)

"3. The Court erred in its oral charge to the jury in instructing the jury as follows:

'Now, taking these counts again up to give you a recap if I may. If after a full and fair consideration of all the evidence in the case if you are not reasonably satisfied that the Plaintiff has proven the negligence count of his complaint, but that the Defendant has proven the contributory negligence plea also as far as count one, then the case would be over and done with, and your verdict would read, "We the jury find for the Defendant." ' (Ts 288)

"4. For that the Court erred in overruling the plaintiff's motion for a new trial. (Ts 22b, 22c)"

Under this last assignment of error, the ground of the motion for new trial argued is that the trial court erred in refusing to give plaintiff's written requested charge No. 7, viz.:

"7. I charge you that if you are reasonably satisfied from the evidence that the defendant, William Blackburn, was guilty of wantonness, as defined by the court, on the occasion complained of in the plaintiff's complaint, then any contributory negligence on said occasion by the plaintiff would not be a bar to his recovery, and your verdict should be for the plaintiff and against the defendant, William W. Blackburn.

Refused, Claude Hughes, Judge"

For a full and complete understanding of the issues on this appeal, we set out herein

pertinent portions of the rather lengthy oral charge of the court, viz.:

"COURT'S ORAL CHARGE

"THE COURT: * * *

" * * * This complaint contains two theories, or offenses if I may call it that, and they are contained in counts, they are count one and count two. * * * Count one is what we call a negligence count, and count two is what we call in law a wanton count. * * *

"The first defense interposed by each of the Defendants is the general issue. * * * As to the count one, the negligence count of the complaint, that's Plaintiff complaint, there is a second and special defense interposed. Again, although not written out in longhand form, it is the plea of contributory negligence, * * *.

"Now, as far as the count two, the wanton count, the defense interposed is the general issue or not guilty. * * *

"Now, as I have indicated to you, the first defense interposed by all of the Defendants is the general issue not guilty. * * *

"Now, there is a second and special defense interposed to the negligence count of the Plaintiff's complaint, and this is as I have indicated to you earlier the plea of contributory negligence. * * *

" * * * If Mr. Wren's conduct was in your opinion careless or negligent, then you would ask yourself the question, 'Did his negligence or carelessness either cause, or directly cause his own injury and damages?' If so, this would be a full and complete defense to count one of the Plaintiff's complaint. * * * So, if you find that the Plaintiff has proven to your reasonable satisfaction that the Defendants were guilty of negligence, and they have proven that the Plaintiff was guilty of contributory negligence which proximately caused his own injuries and negligence, then you don't have to go any further in your deliberations. That would be a defense in itself for the law suit.

"Now, in going on, if I may, we are down to count two of the complaint. The second count of the complaint charges the Defendant with wantonly operating or wantonly permitting or wantonly causing that vehicle operated by the Defendant to proximately cause the Plaintiff to be injured or damaged. * * * Now, as to this count of the complaint, all three Defendants interposed the defense of the general issue not guilty, and when those defenses come in, then the law says that the burden of proof is upon the Plaintiff to reasonably satisfy you as to the truth of the material averments under that count of the complaint. * * *

"Now, taking these counts again up to give you a recap if I may. If after a full and fair consideration of all the evidence in the case if you are not reasonably satisfied that the Plaintiff has proven the negligence count of his complaint, but that the Defendant has proven the contributory negligence plea also as far as count one, then the case would be over and done with, and your verdict would read 'We the jury find for the Defendant.'

"Now, the third option is this, that if after a fair and full consideration of all the evidence in the case, if the Plaintiff has either proven the negligence count and the Defendant failed to prove contributory negligence, or if the Plaintiff has proven the wantonness count, count two of his complaint, of course, in that event the form of your decision should be against the Defendant, and you would get down to the question of damages to be awarded. * * *

"(Whereupon, the jury returned to the Courtroom for further instructions at

4:00 P.M., May 17, 1973, and the following occurred:)

"THE COURT: * * *

"Your foreman has sent out to me a question, and I have called counsel for all parties back here, and they have read this question, and, of course, it involves a part of the charge of the Court on the legal responsibility between the parties to this particular lawsuit. Let me say this: That the way this question is posed, and I'll read the question. It says, 'If the majority of the jury feels there is contributory negligence, can we award any monetary damages to the Plaintiff?' You cannot answer that question simply yes or no, but I'm going to go back, if I may, and not reiterate the entire charge, but get right down to the bone on legal issues that I think are encompassed by this question.

"As you ladies and gentlemen understand, this case was submitted to you on two counts of the complaint.

"Count one is a negligence count, * * *

"Now, the first response of the Defendant is the general issue, not guilty. * * *

"Now, the second and special defense interposed by the Defendants again is the plea of contributory negligence. * * *

"Again, I will say that we do not recognize a comparative negligence. If the Plaintiff was guilty of contributory negligence in the slightest degree, and that negligence contributed to bring about his own injuries and damages, then he is not entitled to recover under that count of the complaint. * * *

" * * * Do you have any objections on behalf of the Plaintiff?

"MR. SMITH: No, sir.

"THE COURT: Defendants?

"MR. SIMPSON: No, sir.

"Now, as to count two of the complaint, the wanton count, * * *

"The Defendants deny any wrongdoing whatsoever. They deny that they were guilty of any wanton misconduct which directly did cause the Plaintiff to be injured and damaged. This is the general issue. This is the only defense subject to this count. No other defenses are permissible. Contributory negligence is not a defense to this count of the complaint."

Plaintiff's contentions for reversal are fourfold: (1) The trial judge was under an affirmative duty to charge the jury that contributory negligence is not a defense to wanton misconduct (Assignment of Error 1); (2) The oral charge was erroneous (Assignments of Error 2 and 3); (3) The oral charge was misleading and confusing in that it left the impression with the jury that plaintiff could not recover on the wanton count if he was guilty of contributory negligence; and, hence, the trial judge erred in not giving the requested written charge (Assignment of Error 4); and (4) None of the errors were cured by the court's additional explanatory charge.

We will address ourselves to each of these contentions separately.

The first contention is disposed of easily. The assignment of error which raises this contention presents nothing for review because this Court reviews only adverse rulings by the trial court. Boise Cascade Corp. v. Lee, 291 Ala. 666, 286 So.2d 836 (1973). There is no adverse ruling complained of here. The remedy of the party, who desires that a jury be instructed on a particular point of law, is to request a written charge. Parker v. Bond, 121 Ala. 529, 25 So. 898 (1899). See also, cases collected in Ala.Dig., Vol. 18A, Trial, ⊜256(1). Moreover, in his additional explanatory charge, the trial judge did so instruct the jury.

■ As to the second contention, it is well settled that, in considering assignments of error relating to parts of an oral charge, the charge must be considered as a whole; and, if as a whole, the charge states the law correctly, there is no reversible error, although a part of the charge considered alone might appear to be erroneous. Metzger Bros., Inc. v. Friedman, 288 Ala. 386, 261 So.2d 398 (1971); See generally cases collected in Ala.Dig., Vol. 18A, Trial, ☞295(1).

■ In examining the oral charge, as a whole, we find that immediately after those portions of the oral charge, the subject of the second and third assignments of error, the court fully charged the jury on the law applicable to the wanton count and that the defense interposed to that count was the general issue or not guilty.

Moreover, the second portion of the oral charge assigned as error (Assignment of Error 3) clearly appears to apply only to Count One, the negligence count. Furthermore, the trial judge said immediately before the alleged erroneous portion of the charge:

"* * * The Plaintiff doesn't have to prove both counts to your reasonable satisfaction, but he must prove at least one within the definitions that I have given in the manner which I have indicated to you."

The judge also stated immediately after the instruction in issue:

"Now, the third option is this, that if after a fair and full consideration of all the evidence in the case, if the Plaintiff has either proven the negligence count and the Defendant failed to prove contributory negligence, or if the Plaintiff has proven the wantonness count, count two of his complaint, of course, in that event the form of your decision should be against the Defendant, and you would get down to the question of damages to be awarded."

It is, of course, axiomatic that contributory negligence is not a defense to a charge of wanton misconduct. This Court has held that it is reversible error to give a requested written instruction which purports to put an end to a jury's deliberation after finding contributory negligence when the case is also submitted on a wanton count. Sims v. Birmingham Electric Company, 238 Ala. 83, 189 So. 547 (1937).

Taken alone and out of context, those parts of the oral charge in issue might be said to have the same effect. However, when examined in accord with our rule of review, the whole charge does properly delineate the defenses applicable to the two counts of complaint. By no construction of the trial court's instructions can it be said the jury was told that contributory negligence is a defense to the wanton count. In fact, in the explanatory charge, the jury was instructed to the contrary.

Reduced to the bare bones, the plaintiff's complaint seems to be directed to the words "law suit" in the sentence, "That [contributory negligence] would be a defense in itself for the 'law suit.'" (Assignment of Error No. 2) When the words "law suit" and the whole sentence are read in context, the oral charge does not preclude the jury's consideration of the wanton count and, thus, is not erroneous in this respect.

In view of our conclusions regarding Assignments of Error 2 and 3, we pretermit defendants' contention, strongly urged upon us, that neither portion of the oral charge was properly excepted to.

■ Next, the plaintiff claims error in the trial court's refusal to give his written requested charge No. 7. (Assignment of Error 4) It is not necessary to decide whether this charge is a correct statement of the law, for when the jury asked for further instructions, the trial judge, in giving the additional instructions, covered the substance of this charge.

The record reflects that after it had been deliberating for an undisclosed length of time and before it reached a verdict, the

jury requested further instructions and asked the court this question:

"If the majority of the jury feels there is contributory negligence, can we award any monetary damages to the Plaintiff?" tiff?"

In response the trial judge said:

" * * * You cannot answer that question simply yes or no, but I'm going to go back, if I may, and not reiterate the entire charge, but get right down to the bone legal issues that I think are encompassed by this question. * * *"

He then briefly recharged the jury on negligence and contributory negligence. The judge completed this portion of his explanatory charge by saying:

"Again, I will say that we do not recognize a comparative negligence. If the Plaintiff was guilty of contributory negligence in the slightest degree, and that negligence contributed to bring about his own injuries and damages, then he is not entitled to recover under that count of the complaint. * * *"

Following his remarks as to the negligence count, the trial judge then again charged on the elements of wantonness. In concluding, he stated:

"The Defendants deny any wrongdoing whatsoever. They deny that they were guilty of any wanton misconduct which directly did cause the Plaintiff to be injured and damaged. *This is the general issue. This is the only defense subject to this count. No other defenses are permissible. Contributory negligence is not a defense to this count of the complaint.*" [Our emphasis.]

It is our judgment that the giving of this explanatory charge rendered harmless error, if any, in refusing plaintiff's requested charge No. 7. Supreme Court Rule 45. [See, also, Rule 51, A.R.C.P.]

Finally, plaintiff contends that the explanatory oral charge came too late in that the damage had already been done as evidenced by the jury's question. In support of this contention, plaintiff relies on Wil-

liam Penn Fire Ins. Co. v. Tippett, 35 Ala. App. 103, 44 So.2d 23 (1950). We do not find this case persuasive. In *Tippett*, the jury had already reached a decision when the trial judge belatedly decided to give them explanatory instructions. Moreover, the original charge was erroneous. Such is not the case here.

■ Furthermore, we cannot agree with plaintiff's assertion that the jury's question is clearly indicative of confusion with regard to the wanton count. The question could have just as well been directed to the negligence count with regard to the jury's understanding of the effect of contributory negligence, particularly with reference to comparative negligence. In any event, we cannot speculate on the mental operations of the members of the jury. Cf., Smith v. Winkles, 49 Ala.App. 454, 273 So.2d 215 (1973).

In concluding this opinion, we consider it appropriate to make the following observations concerning jury instructions.

Historically, instructions to the jury have constituted one of the more troublesome aspects of jury trials for both bench and bar. It is natural that jurors expect trial judges to put technical legal propositions governing the conduct of the trial into simple, understandable, layman's language. This not only places a heavy responsibility on the trial judge, but it remains a goal difficult to achieve. In order to aid trial judges, and lawyers, to reach this goal, a committee of bench and bar worked for a number of years to promulgate a set of pattern jury instructions. The fruit of these labors is the publication, Alabama Pattern Jury Instructions—Civil, and this Court has recommended the use of such pattern jury instructions in civil cases. Hopefully, their use, where appropriate, will reduce the number of appeals grounded on alleged erroneous instructions. We reiterate, in part, what this Court said in its order:

" * * * Upon consideration thereof, this Court is of the opinion that the Alabama Pattern Jury Instructions prepared

by this Committee will be an invaluable aid to trial judges of this State in charging juries in civil cases, and its publication and use by bench and bar are recommended.

"* * * Use of the instructions should relieve both trial judges and lawyers of some of the time and tedium involved in drafting jury instructions. A reference to the appropriate instructions, the notes on use and the references stated therein should enable busy trial judges to prepare and deliver oral instructions in less time and with greater accuracy and thus allow them to devote more attention to other important aspects of trials." Alabama Pattern Jury Instructions—Civil, p. ix (1974)

We have carefully considered the errors assigned and have found no reversible error. Accordingly, we affirm.

Affirmed.

HEFLIN, C. J., and COLEMAN and McCALL, JJ., concur.

JONES, J., concurring specially.

JONES, Justice (concurring specially).

The issue presented in this case is an extremely close one. I feel somewhat like the baseball umpire who, after the catcher held the pitch for a prolonged interval, shouted, "Chunk another one, that one's too close to call."

Unquestionably, the initial oral charge, when taken as a whole, was at best confusing and at worst erroneous. If the charge were confusing merely, the written requested charge should have been given. If it were erroneous, serious doubt is raised as to whether the explanatory charge was sufficient to correct the error. With some reluctance I have agreed with the opinion principally because the explanatory charge, which was a correct statement of the law,

came while the jury was still deliberating and before they had reached a verdict.

I am writing these specially concurring comments to emphasize the point made in the opinion of the Court encouraging the trial Courts to make greater use of the Alabama Pattern Jury Instructions. Under APJI 30.02 appears a suggested charge on the effect of contributory negligence to a simple negligence count. Immediately following this charge under "Notes on Use" appears a suggested charge on the effect of contributory negligence to a wanton count. Standing in complete contrast to the court's oral charge in the instant case, which was heavily weighted on behalf of the defendant, are the suggested charges in APJI. These suggested charges are not weighted for either party and contain a simple, direct and impartial statement of the law.[1]

The oral instructions to the jury in the instant case make reference to "slightest" degree of contributory negligence as a defense to the simple negligence count. Why the trial judges persist in the use of the term "slightest", when giving the effect of contributory negligence charge, I do not understand. In order to be entirely fair, when the word "slightest" is used as to a simple negligence count, then as to a wanton count, the court should charge that no matter how "great" the degree of contributory negligence, this is not a defense to wantonness. But this entire problem can be avoided by eliminating the use of either term in accordance with the suggested charges from APJI.

While the law does not prescribe that the trial court in instructing the jury is obligated to give *equal time* to each of the parties in litigation, well-balanced and impartial instructions to the jury are essential to the ends of justice; and while no one would contend that APJI is a panacea, it has as its goal this overall purpose.

---

1. In fairness to the trial Court, it should be noted that this case was tried in May, 1973, and the APJI was not published until 1974.