This is a wrongful death case.
The plaintiff recovered a jury verdict and appeals contending that the damages assessed by the jury were inadequate. Plaintiff's basis for this contention is that the trial court erred in (1) refusing to admit certain evidence; (2) directing a verdict in favor of the defendant on a wanton count; (3) incorrectly instructing the jury on damages; and (4) refusing to make certain jury charges.
We find that the trial court did not commit reversible error and affirm.
Plaintiff, as executor of the estates of Henry C. Hughes, Sr., and Myrtle Hughes, filed suit in the Circuit Court of Etowah County, against the defendant for the wrongful death of the two deceased parties.
Mr. and Mrs. Hughes were killed in a head-on collision with a truck owned by the defendant and operated by the defendant's employee. The defendant's employee was passing in the left lane to avoid collision with a turning vehicle when the accident occurred.
After a trial of the issues the jury returned a verdict in favor of the plaintiff for $10,000 ($5,000 in each case).
Plaintiff filed a motion for a new trial which was denied by the trial court and plaintiff appeals. *Page 603 
At the outset, we note that in a wrongful death case, where the plaintiff recovers a jury verdict and makes a motion for a new trial, the trial court is precluded from reviewing such a motion where the sole ground for granting the new trial is the inadequacy of the sum assessed. Crenshaw v. Alabama Freight,Inc., 287 Ala. 372, 252 So.2d 33 (1971); Louisville NashvilleR. Co. v. Street, 164 Ala. 155, 51 So. 306 (1909).
However, in this instance where the errors complained of, are, as indicated above; i.e., rulings of the trial court allegedly affecting the award, such errors were properly before the trial court and are now properly before this court.
Plaintiff contends that the trial court erred to reversal in refusing to admit certain testimony and in directing a verdict in favor of the defendant on the wantonness count.
Plaintiff attempted to prove the defendant's alleged wanton conduct by offering evidence to the effect that defendant had been driving at an excessive speed. He argues that the trial court erred in refusing to allow the investigating state trooper to give his opinion of the defendant's vehicle speed.
This witness testified that he had approximately three years experience as an Alabama State Trooper and that he had observed skid marks at the scene. He gave his opinion both as to the position of the vehicles at the point of impact and as to where the accident occurred on the highway.
The question regarding the speed of the vehicle asked of the trooper was as follows: ". . . Mr. Johnson, based on what you observed talking to the people there, do you have an opinion as to how fast Mr. Porter was going?"
An objection to the question was sustained by the trial court. Plaintiff argues that because the witness observed the aftermath of the accident and possessed several years of experience as a state trooper, it was error to disallow him to give his opinion as to the speed of the vehicle.
Whether a witness will be allowed to testify as an expert is largely discretionary with the trial judge and his decision will not be disturbed except for palpable abuse. Hagler v.Gilliland, 292 Ala. 262, 292 So.2d 647 (1974).
In the instant case, the only testimony concerning the witness's qualifications were his years in service. The witness was not questioned concerning the amount and type of training received and the number, if any, of previous accidents that he had investigated. In addition, the question put to the witness was not clearly predicated on skid marks made before impact. In view of the lack of testimony concerning qualifications and the fact that the question was based on what the witness had observed talking to other persons, we cannot say, as a matter of law, that a proper foundation was laid for the witness to express an opinion as to the speed of the vehicle so that it would be error to refuse to admit the testimony. Glaze v.Tennyson, Ala., 352 So.2d 1335 (1977); Johnson v. Battles,255 Ala. 624, 52 So.2d 702 (1951).
Similarly plaintiff contends it was error to refuse to allow a witness who lived near the scene of the accident to testify as to his opinion of the speed of defendant's vehicle.
Again, wide discretion is allowed the trial court in determining whether a witness is competent to testify.
The record reveals that the witness heard the truck immediately before the wreck and also heard the collision. The witness testified that he only saw the truck for approximately six seconds. However, the witness stated that he did not know how fast the truck was going, only that it was going "fast." The trial court ruled that such testimony was insufficient qualification for an opinion of speed.
Such an expression as "going fast" is not evidence of actual speed. Since the witness himself stated that he did not know how fast the truck was going, we do not find abuse of discretion in the trial court's refusal to allow the witness to express an opinion as to the speed of the vehicle. Griffin *Page 604 Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505 (1946).
In view of the above, we cannot agree with plaintiff's contention that there was a scintilla of evidence on the issue of wantonness which would merit the submission of this issue to the jury.
"Wanton conduct" is the doing of some act or something with reckless indifference to the consequences of said act, or it is a failure or omission to do something, with reckless indifference to the consequences of such failure or omission; that is, that the party acting or failing to act is conscious of his conduct, and even though without any actual intent to injure is aware from his knowledge of existing circumstances and conditions that his conduct would probably result in injury to another or in damage to his property. W.T. Ratliff Co., Inc.v. Purvis, 292 Ala. 171, 291 So.2d 289 (1974).
In essence, a review of the admissible evidence reveals only that the defendant approached from the rear a vehicle that was attempting to turn. Being unable to stop, defendant attempted to avert an imminent collision by passing this turning vehicle on the left. The tragic result was a collision with the oncoming vehicle occupied by the plaintiff's parents.
We do not think that these facts provide a scintilla of evidence on the issue of wantonness. That is, the evidence does not provide a reasonable inference that the defendant acted with reckless indifference to the consequences of his act or was aware that his conduct would probably result in injury to another. The defendant reacted to an emergency situation and to avoid a collision swerved to keep from hitting the vehicle in front of him. There was no competent evidence to show that the defendant created the emergency. See, Riddle v. Franklin,291 Ala. 671, 286 So.2d 841 (1973).
Where the proof is merely that the injury could have happened in the way alleged by plaintiff, and from the same proof the injury can with equal probability be attributed to some other cause, the evidence does not warrant the conclusion that the accident occurred in such a manner as will support the plaintiff's case. Griffin Lumber Co. v. Harper, supra. This rule is especially apt where, as here, there is neither evidence that defendant was driving at an excessive speed nor that he caused the emergency which resulted in the fatal collision.
As there was not a scintilla of evidence that defendant's conduct in this instance, was wanton, the trial court did not commit error in directing a verdict in favor of the defendant on the wanton count.
Plaintiff additionally contends there was error in that part of the oral charge which dealt with the imposition of punitive damages in a wrongful death case. Specifically, he points to the statement to the jury that "the imposition of punitive damages is entirely discretionary. . . ."
Reviewing this portion of the charge in its entirety, we find the learned trial judge gave a fair and complete charge. He instructed the jury that should they find for the plaintiff, it would be necessary to arrive at an amount to be awarded directly related to the culpability of the defendant while considering the necessity of deterring such actions in the future. In other words, he was instructing them that the amount
to be awarded upon finding for the plaintiff was within their discretion upon consideration of the evidence before them.
It is the law that the amount of damages in a wrongful death case is discretionary. Crenshaw, supra; Street, supra. In determining the propriety of a charge, we consider it as a whole, and if it states the law correctly, there is no error.Wren v. Blackburn, 293 Ala. 393, 304 So.2d 187 (1974). Clearly, the charge, as given, comes within the purview of this rule.
Finally, plaintiff complains of the trial court's refusal to give certain requested charges. However, the record does not indicate that any objection was made as required by Rule 51, ARCP. Therefore, the *Page 605 
plaintiff waives any error associated with the failure to give the requested charges. Barksdale v. Pendergrass, 294 Ala. 526,319 So.2d 267 (1975); Clayton v. Simpson, Ala.Civ.App.,346 So.2d 457 (1977).
In any event, the trial court did charge the jury on most of the same principles of law as plaintiff contends were erroneously omitted. Therefore, even if plaintiff had correctly objected, there would have been no cause for reversal. Wren v.Blackburn, supra.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.