ALMON, Justice.
On the afternoon of January 19, 1978, a Jeep driven by T. B. Kent, appellant, was struck from the rear by a truck driven by Herbie Harrison, appellee. As a result of this collision, Kent received personal injuries for which he brought this action for damages. His wife, Betty Kent, sought damages for loss of service.
Initially, Kent’s theory of recovery was the “simple negligence” of Harrison in operating his vehicle. However, when Harrison pleaded the affirmative defense of “contributory negligence” in answer to Kent’s complaint, Kent claimed “subsequent negligence” on the part of Harrison.
After hearing the evidence and being instructed on the issues of “negligence,” “contributory negligence,” and “subsequent negligence,” the jury returned a verdict in favor of the defendant, Harrison.
It is undisputed that the road, a four-lane street in Muscle Shoals, Alabama, was covered with snow, that Kent was attempting to make a right turn into a convenience store parking lot and that Kent’s vehicle was struck from the rear by Harrison’s truck.
The conflicting evidence concerns the manner in which Kent made his turn and whether or not Harrison could have avoided the collision.
*229 Kent testified that he made a normal move from the left lane to the right lane in preparation for his right turn. He stated that he gave a proper hand signal for a right turn, since his 1948 Jeep was not equipped with indicator lights. He further stated that he was in complete control of his vehicle and that it never “slid” on the snow covered street until it was struck by Harrison’s truck.
However, Kent’s own witness, an eyewitness to the collision, stated that Kent’s Jeep was indeed “sliding” just prior to impact. This witness only viewed the two vehicles involved for a few moments before the collision and did not see Kent’s lane change.
Harrison and the passenger in his truck both testified that Kent made a “sudden lane change” right in front of Harrison’s vehicle, that he did not give a hand signal, and that his Jeep “slid” sideways, out-of-control, on the snow covered street just prior to the collision. They further testified that Kent’s Jeep was partially blocking both lanes, that Harrison locked his brakes to avoid the collision and could do nothing else without risking a collision with oncoming traffic or a collision with the front of the convenience store.
For aught that appears the jury was convinced that Kent’s actions contributed to cause the accident and that after Kent had placed himself in a perilous position, Harrison was not “reasonably” able to avoid the collision.
Kent’s assertion on appeal is that part of the trial court’s oral charge confused the jury and led them to believe that Kent’s “contributory negligence” would be a complete defense to Harrison’s “subsequent negligence.” The allegedly misleading portion stated:
The Court further charges you that under the law of Alabama it is the rule of the road that no person shall turn any vehicle without giving an appropriate signal in the manner provided by law in the event any other traffic may be affected by such turn. A signal of intention to turn right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning and all signals given by hand and arm shall be given from the left side of the vehicle in the following manner: Right turn — hand and arm extended upward. And the Court further charges the jury that if you’re reasonably satisfied from all the evidence in this case that the Plaintiff T. B. Kent attempted to make a right hand turn on Second Street into the parking area of the store located on Second Street immediately prior to the accident made the basis of this lawsuit in a manner that was in violation of the rules of the road, and if you’re further reasonably satisfied from all the evidence in the case that the violation of these rules of road by the Plaintiff T. B. Kent proximately caused or proximately contributed to cause the injury and damages complained of by the Plaintiff, then I charge you that your verdict cannot be in favor of the Plaintiffs against the defendant Herbie Harrison founded upon the Plaintiff’s claim of negligence. [Emphasis added.]
If this portion had been given to the jury out of context without further clarification, then Kent’s argument might have some merit.
However, in reviewing this alleged error, this Court must consider the trial court’s charge in its entirety. Wren v. Blackburn, 293 Ala. 393, 304 So.2d 187 (1974); Nelms v. Allied Mills Co., 387 So.2d 152 (Ala.1980); Price v. Jacobs, 387 So.2d 172 (Ala.1980).
When read in its entirety, the trial court’s oral charge adequately instructed the jury regarding the consequence of a “contributory negligence” defense on the plaintiff’s original “simple negligence” complaint and his eventual “subsequent negligence” assertion. Specifically, the trial court distinguished between the plaintiff’s claims of “simple negligence” and “subsequent negligence” and stated that:
[u]nder the doctrine of subsequent negligence, irrespective of the negligent acts of a plaintiff in putting himself in a position ■ of danger, he may recover *230 against the defendant if he [the defendant] fails to use reasonable and ordinary care in avoiding the accident after such defendant discovered the perilous position of the plaintiff. ... I further charge you ladies and gentlemen of the jury, that no initial contributory negligence of plaintiff could be a defense to subsequent negligence of the defendant [Emphasis added.]
In light of this portion of the trial court’s charge, which was given prior to the allegedly defective segment, the emphasized phrase of the last sentence in the alleged defective excerpt, “founded upon the Plaintiff’s claim of negligence,” clearly instructed the jury that “contributory negligence” would only be a defense to the “simple negligence” complaint. The trial court did not instruct the jury that “contributory negligence” would be a defense to “subsequent negligence.” Cf. Wren v. Blackburn, supra.
There being no merit to appellant’s assertion of error, the trial court’s judgment is due to be and it is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.