The parties were divorced in March 1983. By agreement, custody of two small children was given to the mother. In June 1983 the mother gave actual custody to the father. On June 17, 1983, by joint petition and agreement, legal custody was given to the father, with the mother agreeing to pay to the father $200 per month as child support. Such agreement was made though the mother was unemployed with no funds. Subsequently the support payments were not made by the mother, and visitation privileges were often denied her.
In October 1983, the mother filed a petition for modification, alleging inability to pay the agreed support and seeking enforcement of visitation rights. The father responded with a request for a contempt *Page 892 
citation for failure of the mother to pay child support and a determination of arrearage.
Oral hearing was held, after which the court entered judgment, finding: that the mother was unemployed at the time of her agreement to pay $200 per month child support and financially unable to make such payments, which fact was known to the father; though she obtained employment in August 1983, her net salary of $320 per month was insufficient to make the support payments; the mother was not in contempt, because of her inability to pay; future payments of the mother should be in the sum of $37.50 every two weeks; a visitation schedule was set by agreement, and judgment as to the accumulated support arrearage was reserved for review in ninety days.
The father has appealed, charging abuse of the trial court's discretion in areas of the decree. The first charged abuse is the failure of the court to find the mother in contempt for failing to pay as agreed.
It appears to this court that the answer to that complaint is to be found in the judgment. The presence of contempt is for the court to determine. It is clearly the law that one is not in contempt of an order of the court, if it appears that failure to perform is not contumacious but due to inability to perform. Cooper v. Cooper, 401 So.2d 99 (Ala.Civ.App. 1981). The court so found here, and that finding is fully supported by the evidence.
The second area of charged abuse of discretion is the refusal of the trial court to assess an arrearage of support. It is to be noted that the court did not refuse to set an arrearage. It merely delayed judgment on that issue. We find no abuse of discretion in delaying such ruling. An appeal is from an adverse ruling of a trial court. Boise Cascade Corporation v.Lee, 291 Ala. 666, 286 So.2d 836 (1973). Delay of a ruling is not an adverse ruling.
The third area of abuse of discretion is stated to be the reduction of the order for child support. The father insists that the mother is prevented from receiving any relief from her agreement to pay $200 a month child support because there had been no change of circumstances since the agreement; that, in fact, her financial circumstances have improved in that she now has a job.
This court recognizes and has often stated that a modification of a prior decree for custody or child support may be made only upon a showing of a change in circumstances since that prior decree. However, we consider that it should be recognized that such prior decree should have been based upon and supported by circumstances then existing. If it is shown, as in this case, that at the time of the prior decree or agreement, there existed no circumstances supporting any reasonable possibility of performance, and that such condition continues, there must be cause for change. To hold otherwise would perpetuate an intolerable situation: to say, once begun it cannot be modified because there continues to be the same unchanged circumstances — inability to perform. Such is the father's argument here — she knew she couldn't pay such an amount of support when she agreed to it. Circumstances have not changed; she still can't pay; therefore, there is no power to modify, even to permit her to pay an amount of support which she now may be able to pay.
We cannot in equity and reason hold that a modification in this case is an abuse of the equitable discretion of the trial court. Equity delights in doing justice and that not by halves.Grooms v. Brown-Marx Co., 239 Ala. 284, 195 So. 215 (1940). Equity does not require the doing of a foolish act nor a vain thing. Merchants National Bank of Mobile v. Morris, 273 Ala. 117, 136 So.2d 193 (1961). To deny change of an order with which compliance is unreasonable and impossible is a foolish and vain thing. We affirm the judgment of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 893