HOUSTON, Justice.
William Wesson, d/b/a Wesson Sign Design,[1] purchased certain equipment from Stanley McCaffrey, d/b/a McCaffrey’s Supply Company,[2] for $16,594. Wesson pledged the equipment as collateral to Comprehensive Leasing Corporation (“Comprehensive”); Comprehensive was to collect lease payments from Wesson for a 60-month period and then pay McCaffrey for the equipment. After pledging the equipment, Wesson returned a piece of the equipment to McCaffrey, thereby reducing the $16,594 purchase price to $11,694. Subsequently, Comprehensive purportedly assigned the lease to McCaffrey. According to McCaffrey, he notified Wesson of the assignment and requested that Wesson either pay for the equipment under the terms of the contract or return the equipment, but Wesson failed to make any payments and refused to permit McCaffrey to repossess the equipment. Consequently, McCaffrey sued Wesson, seeking a judgment for $11,694 as payment for the equipment under the lease/purchase agreement or requesting that he be allowed to take possession of the equipment and offer it for sale, with any proceeds to reduce the outstanding balance of the indebtedness.
The trial court, hearing ore tenus evidence, entered a judgment against Wesson and in favor of McCaffrey in the amount of $11,094.[3] Wesson appeals.
Wesson contends that the trial court erroneously admitted copies of what was designated as Plaintiff’s Exhibit No. 6 (a purported letter concerning the assignment from Comprehensive to McCaffrey, a purported lease assignment, and a copy of the equipment lease) over his objection that the admission of those copies violated the “best *75 evidence rule” — that is, according to Wesson, although on cross-examination McCaf-frey acknowledged receiving the original of the documents, neither McCaffrey nor his attorney offered a sufficient explanation as to the location of the originals or a sufficient explanation as to their absence so as to justify the admission of copies as secondary evidence.
It is well settled that a party seeking to prove the contents or terms of a writing must introduce the original of the writing into evidence if it is available, because the original writing is normally deemed the “best evidence” of its contents. Boise Cascade Corp. v. Lee, 291 Ala. 666, 286 So.2d 836 (1973). If the original is not available, the party must satisfactorily account for its absence. However, once the party sufficiently accounts for the absence of the original, secondary evidence of the contents of the writing may be offered into evidence,[4] but whether a party has sufficiently accounted for the loss of the original is usually left to the trial court’s discretion. See J.R. Watkins Co. v. Goggans, 242 Ala. 222, 5 So.2d 472 (1941).
When McCaffrey attempted to introduce Plaintiffs Exhibit No. 6 into evidence, Wesson objected, as follows:
“[Wesson’s attorney]: Judge, we object. They are copies. They violate the best evidence rule. There’s a failure to lay proper predicate for the introduction of those purported documents. They are not within the business records act exception to the best evidence rule. And we have to object to them.
Subsequently, the following colloquy between the trial court and McCaffrey and McCaffrey’s attorney ensued:
“The court: Mr. McCaffrey, where is the original?
“[McCaffrey]: I don’t know. I thought all the originals — I had it all in a manila envelope I gave the attorneys, and I thought they had all the originals.
“[McCaffrey’s attorney]: Your honor, this file was given to me by Mr. Evans. And I have looked through and I do not find the original. I don’t know where it can be located at this time.
“The court: All right, Plaintiff’s Exhibit Number 6 is received over [Wesson’s] objection.”
From the above-quoted portions of the record, it appears that the trial court, in ruling on Wesson’s objection to the admission of Plaintiff’s Exhibit No. 6, allowed the copies of Plaintiff’s Exhibit No. 6 into evidence because it was satisfied with McCaffrey’s explanation concerning the whereabouts of, or the absence of, the original documents.
From reviewing the record, we cannot hold that the trial court plainly and palpably erred in overruling Wesson’s objection to the introduction of Plaintiff’s Exhibit No. 6 based on the best evidence rule. We therefore affirm the judgment for McCaf-frey.
We note the arguments in the parties’ briefs as to whether McCaffrey failed to lay the proper predicate for the admission of Plaintiff’s Exhibit No. 6 under the business records exception to the hearsay evidence rule. However, as specifically set out above, Wesson’s objection to Plaintiff’s Exhibit No. 6 was based on the best evidence rule. No hearsay objection was entered relating to Plaintiff's Exhibit No. 6, and the trial court’s ruling on the objection does not reflect otherwise. Therefore, we pretermit any discussion concerning the business records exception to the hearsay rule.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.

. Wesson Sign Design manufactures various types of sign applications, the fabrication of which requires computer equipment.

. McCaffrey’s Supply Company sells computer graphics equipment.

. Although this fact is not an issue in this case, we note that the |600 discrepancy between the amount sought and the amount of the trial court’s judgment was for an item that was not included in the description of the equipment in the original lease agreement with Comprehensive.

. We note McCaffrey’s contention that the general gist of the assignment of the lease from the finance company to McCaffrey was readily and correctly perceivable by the trial court and that because there was no need to ascertain the precise details of the assignment, the original of the assignment was not necessary. Rather, according to McCaffrey, a copy, such as the one presented, was sufficient and did not violate the 'best evidence rule." We find that argument unpersuasive and inapplicable to a resolution of the issues before us in this case.