ALICE M. MULVIHILL, Appellant, *v.* COMMERCIAL CASUALTY INSURANCE COMPANY, Respondent.

Fourth Department, November 2, 1927.

**Insurance — accident insurance — action for death alleged to have been caused through " external, violent and accidental means, independently and exclusively of disease "— insured fell down stairs suffering injuries to hip — gangrene and pneumonia developed — death from disease caused by injury not bar to recovery — error to dismiss complaint at close of plaintiff's case.**

The plaintiff brought this action as the beneficiary of an accident insurance policy issued on the life of her husband. The policy insured the plaintiff's husband " against bodily injuries, effected solely through external, violent and accidental means, independently and exclusively of disease, whether disease pre-exists or be afterwards contracted." The plaintiff's evidence established that the insured fell down stairs and injured his hip very severely; that he continued ill until the date of his death about five weeks later, and that gangrene and pneumonia finally developed. The attending physician and other physicians testified that the cause of death of the insured was the accident. Under the terms of the policy if the procuring cause of death was the injury received by the insured to his hip by the fall on the cellar stairs, if that was the efficient cause of the death, the plaintiff can recover under the policy even though some disease caused directly and solely by the injury might have intervened.

Accordingly, it was for the jury to say, under all the evidence, whether the insured sustained an accidental injury and whether such injury resulted in his death, independently and exclusively of disease, and it was error for the court to dismiss the complaint at the close of the plaintiff's case.

APPEAL by the plaintiff, Alice M. Mulvihill, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 10th day of March, 1927, upon the dismissal of the complaint at the close of the plaintiff's case.

*Byrne, Byrne & Lowery* [*Richard P. Byrne* of counsel], for the appellant.

*Gibbons & Pottle* [*Frank Gibbons* of counsel], for the respondent.

CLARK, J. This action was brought to recover on a policy of accident insurance issued by the defendant to John C. Mulvihill, husband of plaintiff, the beneficiary named in the policy.

The policy provided, among other things, that the insurance company (defendant) " Does hereby insure John C. Mulvihill (hereinafter called the insured) * * * against bodily injuries, effected solely through external, violent and accidental means, independently and exclusively of disease, whether disease pre-exists or be afterwards contracted."

At the close of plaintiff's case, on motion of counsel for the defendant, the court granted a nonsuit on the ground, as stated in substance by the court, that under this form of contract there was no question of fact to be submitted to the jury.

The insured on the 6th day of April, 1926, resided in the city of Syracuse with his wife; he was fifty-two years of age and his general health was good.   During the forenoon of that day he had been working around the house and yard, and just about noon his wife heard a bumping or thumping noise on the cellar stairs. On looking she discovered her husband lying on the concrete cellar floor at the foot of the cellar stairs.   She assisted him to arise and with difficulty he was gotten up stairs and to his bedroom, which he never left except to go to a nearby bathroom.   He died on the 12th day of May, 1926, having been under the care of a physician from the day of the accident.

Plaintiff brings this action to recover under the policy issued by defendant, which was in force at the time of the accident and death, claiming that the death resulted from bodily injuries sustained by insured when he fell down the cellar stairs on the sixth day of April, and that the death was the result of bodily injuries " effected solely through external, violent and accidental means, independently and exclusively of disease," while the defendant, disclaiming liability, contends that the death was caused by disease, and that under the wording of the policy plaintiff is not entitled to recover.

There having been a nonsuit plaintiff is entitled to the most favorable inferences justified by the evidence.

It is undisputed that on the arrival of the physician soon after insured had gotten to his bed on the day he fell, he was suffering great pain in the back from the shoulders down to the hips, and stated that he had fallen and struck on his back.   The pain was particularly severe when he was moved.   The next day the pain was more severe, and there was a discoloration over the region of the hips which covered an area fourteen inches long and seven inches wide.   The pain continued and increased from day to day, and on April seventeenth this area had the appearance of softening or breaking down, and the lungs began to be affected, water soaked or soggy, as the physician expressed it.   In the meantime the temperature of the insured increased, and on April twenty-sixth it rose from 99 to 101, and it kept on increasing until the night before his death it rose to 106.8, and at one time to 107.   Death followed on the 12th day of May, 1926.   The pain had continued uninterruptedly from the day of the first visit of the physician, and the area of the back which at first had shown a discoloration,

and which finally became soft, broke down, became covered with sores, and a pusy condition resulted and gangrene followed.

The attending physician testified that the death of the insured was caused by the fall of April sixth. Another physician, Dr. B. O. Murphy, an expert called by plaintiff, answering a hypothetical question propounded to him, stated that the cause of death was the accidental injury to the back, April 6, 1926, and that the gangrenous condition was caused by the fall, and that the bruised tissues on the back were caused by the fall, and that the destruction of the tissues set in immediately after the fall, and continued to extend until the patient's death.

Testimony to the same effect was given by another physician called by plaintiff as an expert, who testified that the death of the insured was caused by the injury to his back, April 6, 1926.

Defendant urges that in the death certificate the attending physician had stated that the causes which produced death were " fall to cellar, broncho pneumonia, or possible septic pressure, injury to back," and that statement, with the testimony given by the physician on cross-examination, that pneumonia and gangrene were diseases, established the fact that this death was not effected solely through external, violent and accidental means independently and exclusively of disease, and that, therefore, the nonsuit should be sustained.

We reach a different conclusion. The language of the policy should be given a natural interpretation, and however adroitly the clause in question was drawn, it fails of its object, if we give the words used their ordinary meaning as they would be understood by the average man. We believe the meaning which the average man would understand from these words would be that if the procuring cause of death was the injury received by insured to his back by the fall on the cellar stairs, if that was the efficient cause of the death, plaintiff could recover under the policy, even though some disease caused directly and solely by the injury, such as pneumonia or gangrene, might have intervened. (*Freeman* v. *Mercantile Mut. Accident Association*, 156 Mass. 351; *Martin* v. *Manufacturers' Accident Ind. Co.*, 151 N. Y. 94; *Paul* v. *Travelers' Ins. Co.*, 112 id. 472.)

The history of this transaction, beginning with Mr. Mulvihill's fall on the cellar stairs, and ending with his death on the twelfth day of May, was an accident, and that being so plaintiff's claim under the policy should at least have been passed upon by the jury. (*Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83; *Lewis* v. *Ocean Accident & Guarantee Corp.*, 224 id. 18.)

This policy was drawn by the defendant, and it should be liberally

construed in favor of the policyholder and strictly construed against the company which prepared it. (*Finucane* v. *Standard Accident Ins. Co.*, 184 App. Div. 280.)

It was for the jury to say under all the evidence whether Mr. Mulvihill sustained an accidental injury, and that such injury resulted in his death, independently and exclusively of disease.

The learned trial court fell into error in refusing to submit that question to the jury. (*Lewis* v. *Ocean Accident & Guarantee Corp., supra.*)

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur. Present — Hubbs, P. J., Clark, Crouch, Taylor and Sawyer, JJ.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide event.