ALICE M. MULVIHILL, Respondent, *v.* COMMERCIAL CASUALTY INSURANCE COMPANY, Appellant.

*Insurance (accident) — policy insuring against bodily injury arising through external, violent and accidental means independently of disease — death from gangrene and pneumonia arising from accidental injury — erroneous dismissal of complaint in action on policy.*

*Mulvihill* v. *Commercial Casualty Ins. Co.,* 221 App. Div. 494, affirmed.

(Argued March 30, 1928; decided April 13, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 2, 1927, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial. The action was to recover upon a policy of accident insurance which insured defendant's husband " against bodily injuries, effected solely through external, violent and accidental means, independently and exclusively of disease, whether disease pre-existed or be afterwards contracted." The insured fell down the cellar stairs at his home on April 6, 1926, and injured his back resulting in pain and discoloration over the region between the hips. Subsequently the tissue broke down and open sores developed followed by gangrene. He died May 12, 1926, the death certificate stating the cause of death to be " fall to cellar, broncho pneumonia, or possible septic pressure, injury to back." Defendant contended that death was not effected solely through external means and independently of disease and, therefore, plaintiff could not recover. The Appellate Division held that if the injury was the efficient cause of the death plaintiff could recover under the policy, even though

some disease caused directly and solely by the injury, such as pneumonia or gangrene, might have intervened.

*Frank Gibbons* for appellant.
*Richard P. Byrne* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

GEORGE H. BEST, as Administrator of the Estate of HENRY N. BEST, Deceased, Respondent, *v.* NORTH AMERICAN ACCIDENT INSURANCE COMPANY, Appellant.

*Insurance (accident) — switch tender killed while turning switch on tracks of street railway in middle of street — insurer not liable where policy contained provision excluding injuries sustained while working on public highway or railroad right of way.*

*Best* v. *North American Accident Ins. Co.,* 221 App. Div. 829, reversed.

(Argued March 30, 1928; decided April 13, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered September 28, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court upon an agreed statement of facts. The action was to recover upon a policy of accident insurance. The insured was employed by a street railway company as a switch tender, it being also his duty to keep the switch clear of snow and ice. While standing in the middle of the street, between the double tracks of the railway company engaged in turning or cleaning a switch he was struck by an automobile and killed. The policy contained a provision " excluding injuries sustained while on a