Vaughan, J.
This is an appeal from an order of the Special Term, Supreme Court, Cattaraugus County, denying plaintiffs’ motion to strike out paragraphs third and fourth of defendant’s answer. The motion is made under rule 109 of the Rules of Civil Practice on the ground that the defense pleaded is insufficient in law.
The action is one to recover damages for alleged depreciation in market value of four cows which were injured when struck by an automobile. It is based upon an indorsement of a policy of insurance covering loss sustained by reason of injury to or death of livestock on a public highway. Under the coverage *290 clause of the policy, the insurance company agrees to pay for loss sustained by the insured because of “ Injury to or death of livestock ” owned by the insured, if such injury or death is caused by collision between such animal and a motor vehicle while such animal is within the bounds of the highway. The coverage assumed is limited as to amount by subsequent provisions of the indorsement which provide that the insured’s loss is limited (1) to 80% of the market value of any one animal, such percentage in no event to exceed $200, (2) to a total of $2,000 for any one accident, and (3) with respect to injuries to the expenses incurred within thirty days after the date of the collision for the necessary medical supplies and veterinarian services.
A determination of the motion requires that we construe the provisions of the indorsement limiting liability of the defendant. The defendant as a separate answer and complete defense to plaintiffs’ cause of action alleges in paragraphs third and fourth of its answer that the liability under paragraph (3) of part 2 of the indorsement which is made a part of said policy, is expressly limited to the expenses incurred within thirty days following the date of the collision for the necessary medical supplies and veterinarian services and that said expenses did not exceed $5.75 which sum was paid to the plaintiffs by the defendant in full satisfaction and discharge of the defendant’s obligation under the indorsement.
The learned Justice sitting at Special Term has construed the limitation pleaded to apply to and cover all losses arising out of injury to livestock. We feel that the provisions of the indorsement limiting liability when considered as a whole do not warrant such construction and that the limitation contained in paragraph (3) of part 2 of the indorsement, applies only to medical expenses and veterinarian services, and not to depreciation in market value of any livestock injured. The liability assumed by the defendant under the coverage clause of said indorsement is for losses sustained because of injury to or death of livestock. We believe the words “ the Company agrees to pay for loss sustained by the Insured because of Injury to * * * livestock ” conveys to the average man the meaning that if his livestock is injured within the terms of the policy that he would be covered for any depreciation in market value of such livestock because of the injuries so sustained.
The defendant by paragraph (1) of part 2 of the indorsement seeks to limit its liability “ To eighty percent (80%) of the market value of such animal at the time and place of such col *291 lision, but shall not in any event exceed $200 with respect to any one animal ”, It is to be observed that the language quoted is not limited to livestock that may be killed or die as a result of collision between such livestock and a motor vehicle, but is equally applicable to livestock that may be injured in a collision which results in depreciation of the market value of such livestock. If there be uncertainty or doubt as to the application of such limitation to animals injured but not killed, such ambiguity should be resolved against the insurer and in favor of the insured (Mulvihill v. Commercial Cas. Ins. Co., 221 App. Div. 494, affd. 248 N. Y. 524; Finucane v. Standard Accident Ins. Co., 184 App. Div. 280; Burr v. Commercial Travelers Mut. Accident Assn., 295 N. Y. 294, 302). Construing the provisions of limitation of liability contained in paragraphs (1), (2) and (3) of part 2 of said indorsement, leads, we believe, to the conclusion that the coverage under the policy is broad enough to cover depreciation in value of animals injured, together with necessary medical expenses and veterinarian services, the total of which cannot exceed $200, for any animal or $2,000 for any one accident.
It follows that the order of the Special Term should be reversed on the law, with $10 costs and disbursements and the motion to strike out paragraphs third and fourth of defendant’s answer, granted, with $10 costs.
All concur. Present — Taylor, P. J., Love, Vaughan, Kim-ball and Piper, JJ.
Order reversed on the law, with $10 costs and disbursements and motion granted, with $10 costs. [See post, p. 1053.]