122 So.2d 774

**INTER–OCEAN CASUALTY COMPANY**

v.

**Annie M. HOLSTON et al.**

**6 Div. 143.**

Supreme Court of Alabama.

Aug. 18, 1960.

Rehearing Denied Sept. 15, 1960.

Albert A. Rosenthal and Geo. S. Brown, Birmingham, for appellant.

Harsh, Glasser, Lankford & Hays, Birmingham, for appellees.

MERRILL, Justice.

This case was originally assigned to another member of the court, and was reassigned to the writer on August 1, 1960.

The appellant insurance company issued a policy for accidental death to John S. Martin in 1943. The insuring clause of the policy states that the company will pay the principal sum of $600 where the insured loses his life resulting solely from bodily injuries effected directly and independently of all other causes through accidental means. Appellees were designated the beneficiaries in the policy.

On February 9, 1953, Martin fell on his right thumb and suffered a compound dislocation. The hospital record states: "This 70 year old colored male dislocated his thumb 11 days before being seen in the emergency room where he was treated with penicillin and sent home. Two days later he was admitted to the hospital with signs of trismus (lockjaw) and was given tetanus antitoxin. However, he did not improve and 3 days later his thumb was amputated." He died on March 9, 1953.

When appellant denied liability for the principal amount of the policy, appellees filed this suit.

The "Certificate of Death" shows that the "Disease or Condition Directly Leading to Death" to be "Bacterial Pneumonia" which the insured contracted while he was in the hospital subsequent to the amputation of his thumb. The "Death Certificate" further reflects the "Antecedent Causes" to be Tetanus which was due to gangrene of the right thumb; and the conditions contributing to death but not related to the disease or condition causing death was pulmonary infarction.

Dr. Johnson, a pathologist, who attended the deceased, testified that the cause of death was the injury to the thumb and the resulting tetanus infection; that the pulmonary infection was not the cause of death, and that the deceased had had an inflammation of the kidney "of long standing."

The jury found for appellees in the sum of $1,104.07.

Appellant contends that when a policy of accident insurance provides for the payment of one-fourth of the principal amount if the insured is suffering from disease at the time of the accidental injury, and the undisputed evidence shows such fact, the

affirmative charge for the defendant is required where complainant seeks to recover the principal amount. This contention is based upon the undisputed evidence of the chronic kidney condition and section 7(b) of the policy, which provides:

> "In any of the losses covered by this policy * * * (4) where the injury causing the loss is sustained while the Insured is suffering from disease or sickness, or is insane, or is under the influence of any intoxicant, narcotic or anaesthetic; * * * the amount payable shall be one-fourth of the amount which otherwise would be payable under this policy."

It is also urged that appellant was entitled to the general charge based upon the evidence.

In Benefit Ass'n of Ry. Employees v. Armbruster, 224 Ala. 302, 140 So. 356, 357, where the policy provisions were similar to those here, the court said:

> "Following our own case of Standard Accident Ins. Co. v. Hoehn, 215 Ala. 109, 110 So. 7, 9, which in turn approved the case of Fidelity & Casualty Co. v. Meyer, 106 Ark. 91, 152 S.W. 995, 44 L.R.A.(N.S.) 493, we held: 'Where accidental injury aggravated a disease, and thereby hastened death so as to cause it to occur at an earlier period than it would have occurred but for the accident, it is the direct, independent, and exclusive cause of death at that time.'

> "The point is now made that, if we adhere to the rule thus stated, it should be limited to cases of lingering disease where death results from an accident which would not have produced death at the time but for the weakened state of the insured from disease.

> "Admittedly plaintiff was suffering from acute appendicitis at the time. We may say the evidence without dispute, shows he had an abscessed appendix at the time of the accident,

and liability is predicated on external violent and accidental injury causing a rupture and leading to the escape of pus into the abdominal cavity, resulting in general peritonitis, and so causing death at the time death did occur.

> "We can see no logical reason for drawing a distinction between a chronic and an acute disease. The basis of the doctrine, proximate cause of death, forbids such distinction.

> "We adhere to our former holding that the rule stated applies to the case in hand, and the affirmative charge was properly refused."

Other cases in point are New York Life Ins. Co. v. McGehee, 5 Cir., 260 F.2d 768; Silverstein v. Metropolitan Life Ins. Co., 254 N.Y. 81, 171 N.E. 914; Mulvihill v. Commercial Casualty Ins. Co., 221 App.Div. 494, 224 N.Y.S. 644, 646.

The last cited case is factually very close to the instant case. There, the insured died as a result of gangrene and pneumonia following a fall. The policy provision was similar to the one here, and the trial court found for the defendant as a matter of law. The court said:

> " * * * The language of the policy should be given a natural interpretation, and, however adroitly the clause in question was drawn, it fails of its object, if we give the words used their ordinary meaning as they would be understood by the average man. We believe the meaning which the average man would understand from these words would be that, if the procuring cause of death was the injury received by insured to his back by the fall on the cellar stairs, if that was the efficient cause of the death, plaintiff could recover under the policy, even though some disease, caused directly and solely by the injury, such as pneumonia or gangrene, might have intervened. [Citing cases].

> "The history of this transaction beginning with Mr. Mulvihill's fall on the

cellar stairs, and ending with his death on the 12th day of May, was an accident, and, that being so, plaintiff's claim under the policy should at least have been passed upon by the jury. [Citing cases].

"This policy was drawn by the defendant, and it should be liberally construed in favor of the policy holder, and strictly construed against the company which prepared it. Finucane v. Standard Accident Ins. Co., 184 App. Div. 280, 171 N.Y.S. 1018.

"It was for the jury to say, under all the evidence, whether Mr. Mulvihill sustained an accidental injury, and that such injury resulted in his death, independently and exclusively of disease. The learned trial court fell into error in refusing to submit that question to the jury. * * *"

■ We hold that appellant was not entitled to the affirmative charge as a matter of law. The authorities cited are distinguished from our case, relied upon by appellant, of Inter-Ocean Casualty Co. v. Foster, 226 Ala. 348, 147 So. 127, 131, where it was held that the insured voluntarily chose to protect his car from theft rather than leave it to keep his feet from freezing and, therefore, the injury to his feet could not "be called the accidental means, though external and violent, which produced his physical injuries."

In the instant case, there was a conflict in the testimony before the court and the question must be submitted to the jury if the evidence or the reasonable inferences arising therefrom furnish a scintilla in support of the theory of either party. Southern Apartments, Inc. v. Emmett, 269 Ala. 584, 114 So.2d 453; Pappa v. Bonner, 268 Ala. 185, 105 So.2d 87.

Appellant argues that the court erred in giving certain erroneous oral instructions to the jury, to which exception was taken. The court did err, but when the error was called to its attention, the erroneous statement was withdrawn, and a corrected statement was made to the jury and no additional instruction was requested by appellant.

■ The error was eliminated by the withdrawal of the instruction and giving in its place a corrected charge. Alabama Power Co. v. Bruce, 209 Ala. 423, 96 So. 346; Sovereign Camp, W. O. W. v. Sirten, 234 Ala. 421, 175 So. 539; McLaney v. Turner, 267 Ala. 588, 104 So.2d 315, and cases there cited.

We have covered the argued assignments of error and find no cause for reversal.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.