This is an appeal by Alabama Farm Bureau Mutual Casualty Insurance Company, Inc. from a declaratory judgment, entered upon a jury verdict, which determined that an automobile insurance policy issued to John Ivan Carswell (driver/appellee) provided coverage to him while driving an automobile belonging to his father. We reverse.
The facts may be summarized as follows:
On 21 May 1973, Alabama Farm Bureau Mutual Casualty Insurance Company issued John Ivan Carswell a liability insurance policy insuring against loss arising from the operation of a 1973 model Mercury Capri.
On 7 February 1975, John Ivan Carswell was involved in an automobile accident at the intersection of Rainbow Drive and West Grand Avenue in Rainbow City, Etowah County, Alabama. At the time of the accident, John Ivan Carswell was operating a 1972 Ford pickup truck owned by his father Ivan C. Carswell. John Phillip Stone, a minor, was injured as a result of the accident.
John Phillip Stone, by next friend and father William D. Stone, sued John Ivan Carswell for damages on account of injuries he suffered in the automobile accident. *Page 251 
Farm Bureau Insurance Company denied coverage to John Ivan Carswell and disclaimed any duty to defend him in the lawsuit. The basis for denial was the exclusion in the following provisions of the insurance policy:
"INSURING AGREEMENT II — NON-OWNED AUTOMOBILES
 "If the named insured is a person or persons such insurance as is afforded by this policy under Coverages A, B, C, C-1, C-2, D-1, D-2, E, F with respect to the automobile applies to the use of a non-owned private passenger or utility automobile by the named insured or a relative, and any other person or organization legally responsible for the use by the named insured or relative of an automobile not owned or hired by such other person or organization, if such non-owned automobile is used with the permission of the owner.
"Insuring Agreement II does not apply:
 "1. to a non-owned automobile (a) registered in the name of or owned by the named insured or a relative (b) hired by or furnished or available to the named insured or relative for frequent or regular use, or (c) while used in the business or occupation of such named insured or relative except a private passenger automobile operated or occupied by such named insured, relative, or by his private chauffeur or domestic servant:"
On 23 December 1975, Farm Bureau Insurance instituted this declaratory judgment action against John Ivan Carswell and John Phillip Stone. It also sought, and was granted, an order enjoining trial of the damage suit pending final adjudication of this declaratory judgment action.
Both Carswell and Stone counterclaimed for attorney fees incurred in both lawsuits and for any judgment rendered against Carswell.
In this action the jury found in favor of Carswell and Stone. The appellant Farm Bureau Insurance Company's motion for judgment notwithstanding the verdict was denied; it appeals to this court.
The principal issue is whether the trial judge incorrectly charged the jury as to appellant's burden of proof.
Crucial to the resolution of this issue is proper interpretation of the phrase "non-owned automobile * * * (b)hired by or furnished or available to the named insured orrelative for frequent or regular use," (emphasis added) contained in the provision of the policy quoted supra. The trial judge explained this phrase to the jury in his oral charge thusly:
 "The issue, ladies and gentlemen, is whether or not the car or the truck, pickup truck, was used frequently and was available to the Defendant at all times. You have heard the evidence on that and it will be your duty to make a determination as to whether it was a frequent use or an infrequent use."
The trial judge further charged:
 "The only issue for you to make any determination about now is to determine whether that was a frequent use or an infrequent use of that pickup truck. If it was used and available at all times, then, that is for your determination, and you should find in favor of the insurance company. If you find otherwise, then, you should find in favor of the Defendants in this case."
At the close of the oral charge, appellant objected to the statement "at all times." The trial judge then stated to the jury:
"THE COURT: I will read this one over again.
 "To a non-owned automobile registered in the name of or owned by the named insured or relative for frequent or regular use."
The appellant objected again on the basis that the reading of the policy did not correct the error.
After the jury retired but before the verdict was returned appellees submitted the following handwritten charge: *Page 252 
 "Counsel has brought it to my attention that I may have used the phrase `at all times' in my explanation of the part of the policy involved on the issues of this case. If I did you are to disregard that phrase. I also instruct you that it is for you the jury to interpret the policy provisions and my duty has been to explain the law of the case. Do not consider this additional charge as having any greater weight than the rest of the charge but consider it all together as one charge."
The trial judge agreed to read the charge to the jury if agreeable to appellant. Appellant would not agree to having the charge read on the basis that it would not correct the error in the court's oral charge.
The initial question is whether the phrase "at all times" is synonymous with "frequent or regular use."
It should first be noted that the purpose of a "use of other automobiles" clause was stated in Dairyland Insurance Co. v.Ward, 83 Wn.2d 353, 517 P.2d 966 (1974) thusly:
 "The twofold purpose of the `use of other automobile' clause is: (1) to prevent an insured from receiving coverage on all household cars or another uninsured car of the insured by merely purchasing a single policy, and (2) to provide coverage to the insured when engaged in the infrequent use of non-owned vehicles. R. Keeton, Insurance Law § 4.9 (1971); 12 G. Couch, Cyclopedia of Insurance Law § 45:238 (2d ed. R. Anderson 1964). * *"
The term "frequent use" has been defined to mean "an often repeated but irregular, casual or incidental use, as distinguished from a regular use." (citations omitted).Continental Casualty Co. v. Suttenfield, 236 F.2d 433 (5th Cir. 1956).
"Regular use" has been defined as a "principal use as distinguished from a casual or incidental use." 6C Appleman, Insurance Law and Practice § 4455 at 558 (Buckley ed. 1979).
The word "all" has been defined in the following manner: "* * * The word `all,' in ordinary use, is wholly inclusive * * *."Ivey v. Wiggins, 276 Ala. 106, 159 So.2d 618 (1964).
The above definitions indicate that the phrase "at all times" is not synonymous with the phrase "frequent or regular use." Thus, the charge was erroneous and imposed too heavy a burden of proof on appellant.
In order for the trial judge to have corrected this error, he would have had to withdraw the incorrect instruction and then give the correct instruction. Inter-Ocean Casualty Co. v.Holston, 271 Ala. 251, 122 So.2d 774 (1960). That procedure indicates to the jury which of the two conflicting instructions they are to follow. William Penn Fire Insurance Co. v. Tippett,35 Ala. App. 103, 44 So.2d 23 (1950).
While it is true that appellees submitted a written charge after the jury had retired, the appellant was justified in refusing to agree to its being used. The charge presented did not do anything other than withdraw the erroneous part of the charge. The submitted charge did not reinstruct the jury as to the proper burden of proof.
The judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur. *Page 253