BEATTY, Justice.
This is an appeal by defendant, Alabama Farm Bureau Mutual Casualty Insurance Company, Inc. (Farm Bureau), from a declaratory judgment which determined that an automobile insurance policy issued to plaintiff, Luretta B. Livingston, provided coverage to her while she was driving a pick-up truck belonging to her mother. We affirm.
On July 1, 1981, Hattie Willis’s pick-up truck, while being driven by her daughter, Luretta B. Livingston, collided with a motorcycle being driven by Warren Theodore Landrum, Jr. Landrum died as a result of the injuries he sustained in that accident. According to the complaint in this action, Livingston was named a third-party defendant in a separate action filed by the administratrix of the deceased Landrum’s estate against Nationwide Insurance Company in which it was alleged that Livingston was an uninsured motorist and that Nationwide Insurance Company was liable under other insurance policies for payment of uninsured motorist claims. Nationwide Insurance Company served a third-party complaint upon Livingston, demanding judgment against her for any sums for which it may become liable to the adminis-tratrix.
On July 1, 1981, Livingston was the named insured under an automobile insurance policy issued by Farm Bureau upon her 1979 Ford Mustang. She sought liability coverage from Farm Bureau under the “Insuring Agreement II — Non-Owned Automobiles” section of said policy, which provides:
“INSURING AGREEMENT II — NON-OWNED AUTOMOBILES
“If the named insured is a person or persons such insurance as afforded by this policy under Coverages A, B, C, C-l, C-2, D, D-l, D-2, E, F with respect to the automobile applies to the use of a non-owned private passenger or utility automobile by the named insured or a relative, and any other person or organization legally responsible for the use by the named insured or relative of an automobile not owned or hired by such other person or organization, if such non-owned automobile is used with the permission of the owner
Farm Bureau denied her coverage for the July 1, 1981, accident on the basis of the following exclusion:
“Insuring Agreement II does not apply:
“1. to a non-owned automobile (a) registered in the name of or owned by the named insured or a relative (b) hired by or furnished or available to the named insured or relative for frequent or regular use, ...” (Emphasis added.)
The term “relative” is defined in the policy as “a relative of the named insured who is a resident of the same household.”
On June 29, 1982, Livingston filed the action below, seeking a declaration of her rights under her insurance policy issued by Farm Bureau.
FACTS
The undisputed facts pertaining to Livingston’s residence and use of her mother’s pick-up truck on July 1, 1981, are the following:
Livingston had lived and worked as a teacher in Perry County, Alabama, for approximately two years prior to May 29, 1981. On May 29,1981, she moved to Pratt-ville, Alabama, where she temporarily “stayed” with her mother and step-father, Hattie and Stanley Willis, at Route 3, Box 334R, until a few days after the accident on July 1,1981. She testified that during that one-month period she spent some nights with a sister in Prattville and some nights with a sister in Montgomery.
During the period from late May to early July 1981, Livingston, her mother, and her step-father were remodeling a residence at 122 Railroad Street, into which Livingston intended to, and in fact did, move when the remodeling was completed.
*32 Livingston had moved her furniture, some clothes, and some food from Perry County into 122 Railroad Street, and had electricity connected and a telephone installed there around June 9, 1981. Livingston first drove her mother’s pick-up truck to Perry County to pick up one load of her belongings. Mrs. Willis drove the truck back to Perry County to pick up the second (and last) load. Livingston did not drive the truck again until July 1, 1981, when, at her mother’s request, she drove to a building supply store to purchase sheetrock to be used in the remodeling of the 122 Railroad Street residence. (The record does not indicate whether the accident occurred before or after the sheetrock purchase.)
PROCEEDINGS BELOW
The trial court decreed on December 2, 1982, that “the Plaintiff, Luretta B. Livingston, is due coverages from the Defendant, Alabama Farm Bureau Mutual Casualty Insurance Company, Inc., under insurance policy number 1651446 for that certain motor vehicle accident in which Plaintiff was involved on July 1, 1981, which has been heretofore denied to Plaintiff by Defendant.” On December 14, 1982, Farm Bureau filed a “motion for new trial” with an “alternative motion to alter, amend, or vacate judgment,” both of which were subsequently denied.
Farm Bureau also filed on December 14, 1982, a “motion for findings of fact.” The trial court granted the motion and on January 28, 1983, amended its declaratory judgment accordingly. The pertinent findings of the court were that on July 1, 1981, Livingston’s residence with her mother “was temporary rather than permanent” in that she “was in the process of moving and had taken up temporary quarters with her mother and step-father .. . while she and others worked on renovating another dwelling place for her permanent occupancy”; that the mother, Hattie Willis, “regularly used her pick-up truck to go back and forth to work” although plaintiff “could have used the truck” if she had requested such use; and that Livingston had used the truck only twice — the first time to pick up furniture in Perry County and the second time on July 1, 1981, when the accident occurred.
Although the trial court in its decree did not specifically set forth its conclusions as to whether both conditions of the exclusion clause of the policy were unmet, or whether failure of only one of the conditions precluded operation of the exclusion clause, we see no error in the decree.
In Alabama Farm Bureau Mutual Casualty Ins. Co. v. Carswell, 374 So.2d 250 (Ala.1979), while construing identical policy language, this Court held that a jury instruction which in effect required the jury to find that a non-owned automobile was available “at all times” to the insured before it could find coverage was an erroneous instruction. The court noted:
“The term ‘frequent use’ has been defined to mean ‘an often repeated but irregular, casual or incidental use, as distinguished from a regular use.’ (citations omitted). Continental Casualty Co. v. Suttenfield, 236 F.2d 433 (5th Cir.1956).
“ ‘Regular use’ has been defined as a ‘principal use as distinguished from a casual or incidental use.’ 6C Appleman, Insurance Law and Practice § 4455 at 558 (Buckley ed. 1979).” 374 So.2d at 252.
In Alabama Farm Bureau Mutual Casualty Ins. Co. v. Preston, 287 Ala. 493, 497, 253 So.2d 4 (1971) (Maddox, J., concurring specially), also construing identical language, it was stated, “The general purpose of the exclusion clause is to prevent a situation in which members of one family or household may have two or more automobiles which are used interchangeably but with only one particular automobile insured.” (Emphasis added.) Livingston used the truck once to haul a load of furniture and once to haul a load of sheetrock. There is no evidence in the record which points to Livingston’s having had the opportunity to use her mother’s truck interchangeably with her own Mustang, which was running and available for her use.
Since we would have agreed with the judgment of the trial court if it had been *33 based only upon a conclusion that the non-owned pick-up truck was not furnished or available to Livingston for her frequent or regular use, it is unnecessary for us to address whether, under the facts of this case, Livingston was a “resident of the same household” as her mother on July 1, 1981.
For the reasons stated, the declaratory judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and SHORES, JJ., concur.