BRADLEY, Judge.
This is a trespass case.
The defendant Mary Ellen Stewart owned certain real property in Etowah County which was adjacent to property owned by the plaintiff. In May 1983 one Tim Cloud notified the defendant that a tree cutter named Ross Vaughn had expressed an interest in purchasing and cutting timber growing on the defendant’s property. Mr. Cloud subsequently arranged a meeting between Vaughn and the defendant.
During the meeting between Vaughn and the defendant, which was held in Mr. Cloud’s office, Vaughn showed the defendant a map of what was purportedly her property. Mr. Vaughn had obtained the map at the Etowah County Tax Assessor’s office, and he told the plaintiff he knew where her property was located. The testimony at trial indicates that the defendant did not know where her property lines were, and that she relied upon Vaughn’s statements to the effect that he knew where the boundary lines were located.
The defendant subsequently agreed to allow Vaughn to purchase and cut timber located on her property. The parties agreed that Vaughn was to receive $30 per *768 cord for the timber, while the defendant was to receive $10 per cord, and Mr. Tim Cloud was to receive $2 per cord as a brokerage commission.
Soon after Vaughn began cutting and removing timber, he learned that he had made a mistake regarding the boundary line of the defendant’s property, and that he was actually removing timber from the plaintiff’s property. After learning of the mistake, Vaughn immediately stopped work and went back to the tax assessor’s office where he was shown another map and realized that he had indeed been working on the plaintiff’s property rather than on that belonging to the defendant. The record indicates that Vaughn had cut and removed some seven or eight cords of timber before learning of the mistake.
The plaintiff filed suit against Vaughn and others for trespass. The plaintiff later amended his complaint to allege that defendant Stewart was also liable for trespass.
At trial counsel for defendant Stewart moved for a directed verdict and argued that his motion should be granted because the plaintiff had failed to prove the existence of an agency relationship between defendant Stewart and Vaughn. The trial court took the defendant’s motion under advisement. At the close of all of the evidence, counsel for defendant Stewart renewed his motion for a directed verdict. This time the trial court denied the motion.
Prior to the retirement and deliberation of the jury, the trial court gave the following as part of its jury instruction:
“Now, the plaintiff alleges that although Mrs. Stewart didn’t actually go on the property or take a personal hand in the trespass, the plaintiff alleges that she is liable for Ross Vaughn’s actions. So as to any possibility of the liability of Mrs. Stewart, we are dealing with a rule that says a person may commit a trespass, although he or she is not present at the time of the trespass and does not take a personal hand in the trespass by doing one or more of the following: By directing, aiding, participating in, or ratifying the trespass committed by that person’s active agent or joint participant.” (emphasis added)
The record reveals that defendant Stewart’s attorney objected to the charge because of a prior in-court oral stipulation whereby the plaintiff agreed that no agency relationship existed between defendants Stewart and Vaughn. The record also reveals that defendant Stewart’s attorney objected to the part of the trial court’s charge relating to joint participants.
After the objection, the trial court attempted to correct its prior erroneous instruction by stating:
“Ladies and gentlemen, if I have miscom-municated to you that there is an agency question here, the court has already found that there is no agency. Therefore, the quote I gave that mentioned joint participation or joint agent, you should disregard agency. There is no agency. You may retire and deliberate.” (emphasis added)
After deliberating for over four hours, the jury returned a verdict against both defendants, Stewart and Vaughn, in the amount of $10,000. From this verdict the defendant Stewart appeals and says the trial court committed three errors. First, defendant Stewart says the trial court erred in giving plaintiff’s requested jury charge number four based upon agency and joint venture after the plaintiff had stipulated that no agency relationship existed between Stewart and Vaughn. Second, the defendant contends the trial court erred in instructing the jury on punitive damages when no evidence exists in the record to support such a charge. Finally, the defendant asserts that two separate jury verdicts were rendered and the two verdicts were so inconsistent as to be null and void.
We believe the dispositive issue in this case to be whether the trial court committed reversible error in the manner in which it gave the plaintiff’s requested jury charge involving agency. As previously stated, the record reveals that the trial *769 court charged the jury that defendant Stewart could be liable for trespass by her involvement in a trespass committed by one who was her “active agent or joint participant.” After the defendant’s objection, the court instructed the jury that no agency relationship existed. The record indicates the trial court failed to withdraw the erroneous instruction and issue a correcting instruction in its place.
Generally, once a trial judge has issued an erroneous instruction, he must correct the prior instruction by withdrawing it and giving a correcting instruction in its place. Inter-Ocean Casualty Co. v. Holston, 271 Ala. 251, 122 So.2d 774 (1960). Alabama cases have held that by following such a procedure in attempting to render a prior erroneous charge harmless the trial court indicates to the jury which of the two conflicting charges the jury is to follow. Alabama Farm Bureau Mutual Casualty Insurance Co. v. Carswell, 374 So.2d 250 (Ala.1979). Also, in reviewing whether a trial court’s correcting charge satisfactorily rendered a prior erroneous charge harmless, this court will look to see whether the prior charge was withdrawn, as well as the adequacy, completeness, and sufficiency of the subsequent correcting charge. William Penn Fire Insurance Co. v. Tippett, 35 Ala.App. 103, 44 So.2d 23 (1950).
As the record in the present case indicates, the trial court initially instructed the jury that the defendant could be liable for trespass under agency principles even though the plaintiff had stipulated that no agency relationship existed and even though no evidence existed to support the existence of such a relationship. For this reason, the trial court erred in initially instructing the jury as though the evidence supported an agency theory. See, Townsend v. Shipley, 29 Ariz. 96, 239 P. 787 (1925)., Once the trial court had erroneously instructed the jury regarding the existence of an agency relationship, it became obligated to withdraw the erroneous charge and substitute a correcting charge in its place. Alabama Farm Bureau v. Carswell, supra.
The record reveals that rather than withdraw its previous instruction, the trial court merely instructed the jury to disregard agency. The trial court neither withdrew the prior erroneous charge nor issued a correcting charge in its place. In view of the confusion that obviously infected the jury’s decision-making process as indicated by the record, we cannot say that the failure of the trial court to properly charge the jury on the agency issue did not contribute to that confusion. In these circumstances it appears that the trial court’s failure to properly charge the jury on the agency issue was prejudicial to defendant Stewart, and the verdict and judgment must be set aside.
For the reasons above noted, the judgment of the trial court is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.