STEAGALL, Justice.
Plaintiff, Harvey Bevin McGuire, appeals from a summary judgment entered in favor of the defendant, State Farm Mutual Automobile Insurance Company (“State Farm”), on McGuire’s claims alleging a bad faith refusal to pay insurance benefits and a bad faith failure to investigate his claim.
On March 23, 1987, the Gap of the Mountain Volunteer Fire Department (“Fire Department”) received a call that a neighboring fire department needed assistance extinguishing a woods fire in Chilton County. McGuire, who was the rescue chief for the Fire Department, received the call on his Fire Department pager. Responding immediately to the call, McGuire left his home, located directly across the street from the Fire Department station house, got into one of the firetrucks, and began traveling toward the location of the fire. En route to the fire, McGuire stopped to pick up another volunteer, Virginia Bolton. Soon after Bolton joined McGuire, McGuire *1078 received another message over the pager indicating that their assistance was no longer needed. McGuire turned the vehicle around, and the two began their return to the station house.
During the return, Bolton asked McGuire if she could drive the firetruck. McGuire stopped the vehicle and the two exchanged seats. Bolton had driven approximately a mile down the road when the vehicle began to bounce and inched off the road. When Bolton attempted to maneuver the vehicle back onto the road, she lost control of it and it overturned. After the vehicle overturned, the water pump mounted on it caught fire. The fire ignited fuel spilled from the truck’s fuel tank, causing the truck to become engulfed in flames, with McGuire and Bolton trapped in the cab. McGuire managed to escape the flames, but Bolton was trapped. McGuire made several attempts to rescue Bolton, but because of the weight of the truck and the intensity of the fire, he was unable to free Bolton from the wreckage. Trapped in the fiery wreckage, Bolton died. McGuire suffered severe burn injuries.
McGuire was treated at a burn clinic in Birmingham, Alabama, where he incurred approximately $20,000 in medical expenses. He presented his medical bills for payment to both State Farm (under the medical provision of his automobile liability policy) and Blue Cross and Blue Shield of Alabama (under his health insurance policy). McGuire claimed that Blue Cross paid the bulk of his medical expenses.
After an investigation by Robert Hill, a claims agent, State Farm paid McGuire $70,000 under the uninsured motorist provision of his individually owned liability policy, but refused to pay medical benefits under the same policy. In addition, State Farm claims it “mistakenly” paid McGuire $5,000 under the medical provision of the Fire Department’s policy, but did not seek to recover the “mistaken $5,000 payment.” [1]
McGuire sued State Farm, seeking damages for breach of contract, bad faith refusal to pay insurance benefits, and bad faith failure to investigate his claim. State Farm filed a motion for summary judgment on all three claims. The trial court denied summary judgment on the contract claim, but entered a summary judgment on the two bad faith claims, and made the summary judgment final pursuant to Rule 54(b), A.R.Civ.P. The contract claim was submitted to a jury, which returned a verdict in favor of McGuire and awarded him $20,650.41 for his medical bills, including interest. The trial court entered a judgment on that verdict. Two days after the trial, McGuire filed a motion to “reconsider” the summary judgment on the two bad faith claims. Before the trial court ruled on the motion, McGuire appealed to this Court, seeking review of the summary judgment in favor of State Farm on the two bad faith claims.
Initially, we point out that a summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to provide “substantial evidence” in support of his position. Ala.Code 1975, § 12-21-12; Rule 56, A.R.Civ.P.; Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990); Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). The trial court is required to view all of the supporting evidence offered by the moving party, State Farm, in the light most favorable to the nonmovant, McGuire. Hanners and Bass.
Aside from the summary judgment standard, we are required to review the facts of this case under the law, as it has developed, regarding claims of bad faith. We have stated that “in a normal case, to sustain a bad faith claim the plaintiff must prove that when the insurer denied the claim there was no debatable or arguable *1079 issue of fact or law justifying the denial; that is, a plaintiff normally must be entitled to a directed verdict on the insurance contract in order to be able to recover for bad faith.” Union Bankers Ins. Co. v. McMinn, 541 So.2d 494, 497 (Ala.1989); see, also, Chavers v. National Security Fire Ins. Co., 405 So.2d 1 (Ala.1981), and Gulf Atlantic Life Ins. Co. v. Barnes, 405 So.2d 916 (Ala.1981). We have also established exceptions to the directed verdict standard in cases involving “extraordinary” facts. Thomas v. Principal Financial Group, 566 So.2d 735 (Ala.1990) (citing Justice Jones’s special concurring opinion in Safeco Ins. Co. of America v. Sims, 435 So.2d 1219 (Ala.1983), and National Savings Life Ins. Co. v. Dutton, 419 So.2d 1357 (Ala.1982)).
Although the case before us does not involve a directed verdict, the standards of review for a directed verdict and for a summary judgment are essentially the same. Ala.Code 1975, § 12-21-12; Rule 50, A.R.Civ.P.; Armstrong v. Life Ins. Co. of Virginia, 454 So.2d 1377 (Ala.1984), overruled on other grounds, Hickox v. Stover, 551 So.2d 259 (Ala.1989). “ ‘Both are proper only where there is a complete absence of proof on a material issue or where there are no disputed questions of fact on which reasonable people could differ.’ ” Kizziah v. Golden Rule Ins. Co., 536 So.2d 943, 946 (Ala.1988) (citing Armstrong v. Life Ins. Co. of Virginia, supra, at 1379). With these standards in mind, we now address the merits of McGuire’s claims.
McGuire claims that the trial court erred in not allowing the two bad faith claims to go before a jury because, he says, there clearly was no debatable reason for State Farm to deny his claim for medical payments under his policy. State Farm claims it was entitled to a summary judgment because, it says, it provided substantial evidence to the trial court supporting its reasons for denying McGuire’s claim to medical payments under the policy. State Farm’s denial focused on the policy provision that provides coverage for the insured while operating a “non-owned car.” State Farm’s reasons for denial were: (1) that the firetruck in question did not fit within the policy definition of a “non-owned ear,” because, State Farm says, it was available for McGuire’s “regular or frequent use,” and (2) that a legal question existed regarding whether the firetruck was excluded from coverage as a non-passenger type of vehicle used by McGuire in “another business or job” at the time of his injuries. We address these reasons accordingly.
McGuire’s policy defines a “non-owned car” as follows:
“Non-Owned car — means a car not:
“1. owned by [insured]
“2. registered in the name of [insured], or
“3. furnished or available for the regular or frequent use of [insured].... ”
It is the “regular or frequent use” provision that State Farm claims disqualifies the firetruck from being considered a “non-owned car” under the policy. State Farm offers several reasons to support its position: McGuire was the fire chief and lived directly across the street from the station house; McGuire had driven the firetruck on several occasions to Fire Department fund-raisers; McGuire monitored “all calls” coming into the fire station and carried the only “pager” the Fire Department owned; McGuire was furnished a set of keys to both the station house and the firetruck; and McGuire ordinarily drove the firetruck during emergency calls as well as during social functions involving the Fire Department.
The term “frequent use” has been defined by this Court to mean “ ‘an often repeated but irregular, casual or incidental use, as distinguished from a regular use.’ ” Alabama Farm Bureau Mut. Cas. Ins. Co. v. Carswell, 374 So.2d 250, 252 (Ala.1979) (quoting Continental Cas. Co. v. Suttenfield, 236 F.2d 433, 437 (5th Cir.1956) (citations omitted). See, also, Alabama Farm Bureau Mut. Cas. Ins. Co. v. Livingston, 439 So.2d 30 (Ala.1983). We have defined regular use as “ ‘principal use as distinguished from casual or incidental use.’ ” Alabama Farm Bureau Mut. Cas. Ins. Co. v. Carswell, supra, at 252 (citing 6C Appleman, Insurance Law and Practice § 4455 at 558 (Buckley ed. 1979)). *1080 From the facts before us, it appears clear that the firetruck in question was not available for McGuire’s “regular use.” However, it is not clear that the firetruck was available for “frequent use” by McGuire. The determination of whether a motor vehicle is furnished for the frequent use of an insured under the terms of a non-owned automobile provision in an automobile insurance policy ordinarily is a question for the trier of fact to resolve, based upon the unique factual circumstances of each case. Holt v. State Farm Mut. Auto. Ins. Co., 507 So.2d 388 (Ala.1986), and cases cited therein.
Although some cases involving this issue may be concerned with a question of law which is a question for the trial court rather than a question of fact, such is not the case before us. The insurance contract (policy) in question is clear and unambiguous and needs no interpretation. A simple application of the appropriate contract provisions to the facts is all that is necessary to resolve the dispute between McGuire and State Farm. Thus, we find nothing “extraordinary” about this case.
This is a “normal” case. As we indicated earlier, because the “frequent use” issue involved several arguable questions of fact that clearly presented a “debatable reason” for State Farm's denial of his claim, McGuire did not meet the established “directed verdict” standard. Thus, the trial court correctly entered the summary judgment on the two bad faith claims.
Because we find a debatable reason for not paying under the policy — the exclusionary language of the “non-owned car” provision — we need not address the issue the plaintiff raises regarding the “another business or job” provision of the policy.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, HOUSTON and INGRAM, JJ., concur.

. We note that the State Farm insurance policy held by the Fire Department is not involved in the dispute between McGuire and State Farm.